## No. 6764.

JOSEPHINE M. KING VS. WM. F. HARPER. MORRIS HEYMAN, INTERVENOR.

An Intervenor in a suit by provisional seizure for rent of a stable, averring that he is the owner of the horses seized and that he pays rent to the lessee of the stable to keep said horses there, discloses a cause of action in his Petition of intervention.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor, J.*

*Geo. L. Bright* for Plaintiff and Appellee:

Horses, feed. harness and carts, put in a stable for sale, by a third person, are subject to the lessor's lien.

*Chas. Louque* for the Intervenor and Appellant.

The opinion of the Court was delivered by

LEVY, J. The plaintiff, Miss Josephine M. King, rented to the defendant, Wm. F. Harper, a certain stable, in the City of New Orleans, for the sum of one hundred dollars per month, from the 1st of December, 1876, until the 31st of October, 1877, payable on the first day of each month during said lease, in advance, for which said Harper furnished his eleven promissory notes, six of which, she alleges, are unpaid and are held by her. It was stipulated in the lease that the non-payment of a month's rent or instalment at maturity will make the rent for the unexpired term of the lease due and payable. She alleged that she had good reason to believe that the said lessee would remove the furniture or property on which she had a lien or privilege, out of the leased premises, and she would be thereby deprived of her lien. She prayed for and obtained a writ of provisional seizure, and the provisional

seizure of the furniture, effects and property in said leased premises, and prayed for judgment against said Harper for the sum of six hundred dollars, with eight per cent per annum interest thereon from 1st. of May, 1877, until paid and costs.

Under the writ of provisional seizure, the sheriff seized the effects and property on said premises, among which were twelve horses (one of which died on the day subsequent to the seizure), and other property.

Morris Heyman filed an intervention and opposition, in which he claimed to be owner of the horses seized by the sheriff, and by virtue of an order of court, the seized horses were delivered to him on his execution of bond for $650.

In this petition, Morris Heyman alleged that he was the owner of said horses, valued at about $2500, a quantity of feed, harness and one cart, valued at about $300, in the stable leased as aforesaid; that he placed said stock and property in said stable for the purpose and convenience of sale, paying to the proprietor of said stable rent, at the rate of fifteen cents per head per day for the accommodation of his stock. He alleged that he was indebted to the defendant up to that day in the sum of *eighty cents*, and tendered and deposited said sum for the benefit of whom it might concern. He prayed for judgment for the property claimed, or in default thereof, for its alternative value as set forth, and for dissolution of the provisional seizure.

The plaintiff filed an exception as to the sufficiency of the forthcoming bond on the ground of adequacy of amount and solvency of surety. This exception was overruled, and from the judgment thereon plaintiff has appealed.

To the petition of intervention and third opposition of Morris Heyman, plaintiff filed the exception of no cause of action, and the court dismissed the petition; from this judgment Heyman has appealed. The sufficiency of the amount and of the surety of the bond seems to us to be established by the evidence in the record, and there was no error in the judgment of the lower court in overruling this exception.

The judge *a quo* has given no written reasons for his judgment sustaining the exception of no cause of action, and the exception itself is general that there exists no cause of action.

In his brief, counsel for the plaintiff relies upon Arts. 2705, 2707, 2708 C. C. He contends, that the movables which were seized were placed there by the intervenor, with his consent, for sale; that they were not there transiently or accidentally, and that being placed on the leased premises for sale, are subject to the lessor's lien. He insists that Heyman was not an under-tenant.

The allegations of the petition of intervention must be taken as to the trial of the exception as true. In the petition, intervenor avers that " he

32

placed the said stock and property in said stable for the purpose and convenience of sale, paying to the proprietor of said stable rent at the rate of fifteen cents per head per day for the accommodation of his stock."

"Rent is a certain profit in money, provisions, chattels or labor, issuing out of lands and tenements in retribution for the use." Bouvier, Law Dictionary, 446. Here the intervenor agreed to pay money for the use of certain lands and tenements. He used the premises, in consideration of the rent to be paid, as a convenience for the keeping and sale of his stock. He was to all intents and purposes, according to the prayer of his petition, an under-tenant of the lessee Harper; his property had been seized for the satisfaction of the whole amount of the rent due by *his* lessor, and, if an under-tenant, he was liable only so far as he was indebted to his lessor Harper. Hence his petition disclosed a cause of action on its face. The allegations of his petition, however, were open to attack, and if not sustained by sufficient proof, his action could be dismissed.

Article 2707 C. C. is as follows: "This right of pledge includes not only the effects of the principal lessee or tenant, but those of the under-tenant, so far as the latter is indebted to the principal lessee at the time when the proprietor chooses to exercise his right. A payment made in anticipation by the under-tenant to his principal does not release him from the owner's claim."

We think the exception should not have been sustained.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court, overruling the exception to the sufficiency of the bond and solvency of the surety, be affirmed, and the judgment sustaining the exception of no cause of action as to the petition of intervention and third opposition of Morris Heyman, be annulled, avoided and reversed, and that this cause be remanded to the Civil District Court of the parish of Orleans, which has superseded the Sixth District Court of said parish, to be proceeded with according to law. The plaintiff, appellee herein, to pay the costs of this appeal.