No. 9001.

JACK HARDY VS. JAMES H. LEMONS.—S. W. STREET, INTERVENOR.

The joint owner of movable property can make a valid lease of the same, when authorized thereto by his co-owners.

In case that one of the co-owners does not participate in authorizing the lease, his subsequent ratification of the same gives full validity to the contract.

A lessee of movable property cannot be legally divested of his possession of the thing leased, by means of a sale of the same by the lessor to a third party.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

---

*L. O'Donnell* for Plaintiff and Appellee.

*Geo. L. Bright* and *Bayne & Denégre* for the Intervenor, Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J. The salient facts of this suit are stated in the opinion of the case No. 8903, between the same parties, just decided.

After the sequestration of the mare Lucy Johnson, Street intervened in the partition suit for the purpose of enforcing his contract of December 12, 1882, and of asserting his rights of possession of the mare thereunder.

His demand was resisted by plaintiff on the ground that Lemons had no right or authority to bind Triskett and Mullen, his co-owners of the mare, in a contract of lease; that there could be no lease without a fixed price; that the pretended lease was the result of a conspiracy between Lemons and Street, with the intention of defrauding the law-

Hardy vs. Lemons.

ful owners of their possession and use of their property; and that the mare was not in Street's possession when sequestered. Plaintiff's defense was sustained in the lower court, whence the intervenor prosecutes this appeal.

The evidence is conflicting; but, after a careful analysis of the record we find satisfactory proof of the following facts:

1. That Lemons was the owner of one undivided third of the animal, which was then in his possession, and that he was without funds or means necessary to a proper care and training of the animal.

2. That he had full authority and power, from Triskett, to control and dispose of the mare as he thought proper.

3. That after making the alleged contract with Street, he notified both of the joint-owners of his action, by letters properly mailed to each at his residence.

4. That by letter from Mullen to Lemons, the former unequivocally ratified the contract aforesaid, and highly approved of the same.

5. That the mare was in the custody and possession of Street, when she was seized by the sheriff.

The fact that at the very moment of the seizure, Lemons was leading her around the race track, did not affect Street's possession under his contract. She was kept, fed and handled at his stable near the race course.

The feature of the contract which provided, as a consideration, the division of the mare's net earnings, instead of a fixed price, did not' invalidate the contract as a lease. The price of the contract of lease "may consist in a portion of the fruits yielded by the thing leased.' Civil Code, art. 2671.

The contract relied upon by the intervenor, therefore, embodies all the elements of a lawful contract of lease, fully binding on Lemons and his co-owners, who could not, in law, defeat intervenor's rights under his lease by a sale of the thing leased.

Hence, we conclude that he was illegally and wrongfully deprived of his possession of the mare, and that the lower court erred in dismissing his intervention.

The judgment appealed from is, therefore, annulled, avoided and reversed. And, it is now ordered and decreed that the mare, Lucy Johnson, was wrongfully sequestered from intervenor's possession; that intervenor was entitled to the possession, control and use of said mare from the 12th of December, 1882, to the 12th of October, 1883,

and that his right to recover damages for said wrongful sequestration be reserved against all parties responsible therefor.

All costs incurred in the sequestration and costs of this appeal to be paid by plaintiff and appellee.

Rehearing refused.