The opinion of the court was delivered by
Miller, J.
The defendant, sued for the possession of premises held under a lease from plaintiff, appeals from the judgment of the District Oourt decreeing delivery. The defences are that a three-day citation is illegal; that the Oity Oourt, and not the District Oourt, had jurisdiction; that the premises are not held under the lease, but under a contract disposing of the good will of plaintiff’s business, and there is also a claim for damages alleged to have been sustained by plaintiff’s proceedings to obtain possession.
The exception as to the citation and the jurisdiction are answered by the statute. It provides for the citation of three days, and for the institution of the suit in the District Oourt when the monthly or yearly rental exceeds one hundred dollars. See R. S., Secs. 2155, 2156; State ex rel. Matt vs. Judge, 37 An. 843; Godchaux vs. Bauman, 44 An. 256.
The claim of twenty-one thousand dollars damages alleged to have been sustained by the proceedings of the plaintiff, we do not think can be grafted on a suit for possession of leased premises. The defendant’s answer claimed a reformation of the contract of lease, alleging it was made in error for a fixed term, but should have been in perpetuity or for an indefinite period. There was before the lower court the written lease signed by defendant for the term specified; the letter of defendant requesting its renewal utterly Inconsistent with his present pretension; and there was also the sale of the good will of plaintiff’s business wholly silent as to the lease of the premises. If there had been any contract that defendant should occupy plaintiff’s premises indefinitely, in our opinion it would have found expression. Instead, we have the lease executed at the same time as the sale of the good will fixing the term at three years. There is, in our view, no basis to claim the lease was made in error, notwithstanding defendant’s testimony, confronted as it is by the written evidence and the plaintiff’s testimony.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.