No. 13,004.

MRS. MARY A. L. MIGHEIL VS. JOHN E. KELLEY.

SYLLABUS.

A lessee made defendant in ejectment proceedings can not legally change the character of the action from a summary to an ordinary one, and by neither answer nor intervention engraft new and foreign issues thereupon, nor introduce new parties litigant for the purpose of trying questions which are only legally determinable in an ordinary action.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*W. S. Benedict* and *R. J. Maloney* for Plaintiff and Appellee.

*Bernard McCloskey* for Defendant and Intervenor, Appellant.

*Lazarus & Luce* for Bertrand, Intervenor and Appellee.

Submitted on briefs December 24, 1898.
Opinion handed down January 9, 1899.
Rehearing refused February 7, 1899.

The opinion of the court was delivered by
WATKINS, J. This is a summary proceeding by the plaintiff to procure the eviction of the defendant as a contumacious tenant of the premises leased to him; and from a judgment condemning him to deliver up the possession thereof, the latter has appealed suspensively.

In this court the plaintiff and appellee filed an answer to the appeal, and prayed for the allowance of damages against the defendant, on the ground that same was prosecuted for the purpose of delay.

This suit is in the ordinary form of summary proceedings, and the petitioner declares that, on the 24th of February, 1897, she leased to the defendant the premises No. 841 Canal street, city of New Orleans, for a term of nineteen months, commencing on the 1st of

March, 1897, and ending on the 30th of September, 1898, at a monthly rental of $333.33 1-3, payable monthly—for all of which instalments notes were given and a written lease executed.

She further represents, that, more than fifteen days prior to the expiration of said lease, she gave to the defendant as her lessee, a written notification to remove from and vacate said premises on or before the 30th of September, 1898, the date at which said lease would expire.

That her said tenant refused, and still declines to render compliance with said demand and notice, and that said delay has expired without his having removed from the leased premises, and he has been placed in default for his not having done so.

Petitioner further avers, that she has leased the aforesaid premises to another tenant, of which fact the defendant had knowledge, and refuses possession to said new tenant; and that she is desirous of having possession of said premises in order to deliver same to said new tenant.

For answer, the defendant admits his lease from the plaintiff upon the terms and conditions stated; and that he received due notice to vacate the leased premises; but, he represents, that on the 29th of June, 1898, plaintiff executed a lease to one Fred Bertrand for a term of twelve months from the 1st of October, 1898, which is annexed and made a part thereof.

He further specially avers, that the said "leasing of the premises by said Bertrand was for the benefit of your defendant, and, in so doing, said Bertrand, to the knowledge of said plaintiff, and with her consent, was acting for and on behalf of this defendant, and in fulfillment of certain obligations assumed by said Bertrand towards your defendant individually and otherwise, and in liquidation and partial settlement of a certain indebtedness, and other business transactions between defendant and Bertrand.

"That the plaintiff acquiesced in the mutual covenants of defendant and Bertrand, and is, therefore, bound by the same.

"That said lease, while ostensibly granted to said Bertrand, was in truth and fact for your petitioner and should be so decreed.

"That he has been and still is willing and anxious to comply with all his obligations under the said new lease."

The prayer of his answer is in keeping with the foregoing aver-

ments, and coupled with the reservation of his right to sue for damages.

The defendant, contemporaneously filed an intervention and third opposition, predicated, practically, upon the same grounds as those assigned in the answer.

His prayer is, that the plaintiff and Bertrand be cited, and that he have judgment against them, decreeing that the lease of premises between them "was entered into and executed for and on behalf of intervenor herein, and recognizing (him) as sole beneficiary of all rights under said lease for the term therein stipulated, etc."

The written lease between the plaintiff and Bertrand which is referred to, was annexed to the aforesaid petition of intervention; and, amongst other things, it contains the stipulation, that the "lessee obligates himself * * * * * to make no sub-lease, nor transfer said lease, in whole or in part."

To this intervention the plaintiff plead a general denial, and Bertrand excepted (1) on the ground, that whatever controversy, or right arising out of prior relations between Kelley and himself there might be, same can only be determined in an independent proceeding, and cannot be engrafted upon the present proceeding to eject Kelly as tenant; (2) that if he be at all accountable to Kelly on account of any prior relations between them, he has the legal right to urge his. defenses thereto in such an independent proceeding.

He prayed to be hence discharged with cost.

The foregoing exception having been tried with the merits was likewise decided with the merits, and sustained, and the intervention dismissed.

During the progress of the trial, Kelly was presented as a witness in his own behalf, and counsel for plaintiff objected to any parol statements by him which tended in any way to vary, contradict, or alter the written contract of lease between the plaintiff and Bertrand; and said objection having been sustained by the court, the defendant's counsel retained a bill of exceptions to the ruling and opinion of the court.

An effort having been made to prove by the same witness, that he had made the payment of the first installment of the new lease of Bertrand, a similar objection was made, and to a similar ruling, a like bill of exceptions was retained by Kelly's counsel.

The reasons assigned by the court for its ruling are as follows, to-wit:

"Counsel for plaintiff stating he desired to make same objections, the court sustains same for the reason that the averments of the petition, and the admissions in the answer in this case, make it appear that there is a written lease between the plaintiff herein and one Bertrand, and it is not competent by oral testimony to vary, alter, or contradict the terms of that lease by proving the real lessee is the defendant, and not the party named in the lease."

Other testimony of like character having been offered and objected to by plaintiff's counsel, the court made the following ruling, viz:

"The court is of opinion, that, in so far as relates to the case of the plaintiff as against the defendant that the (proposed) admission is irrelevant and inadmissable unless the defendant is prepared to show, that, by an agreement of a date subsequent to the date of the lease, the plaintiff in this case agreed to accept the defendant as the lessee in lieu of Bertrand, who appears to be the lessee."

An examination of the transcript discloses no evidence tending to show, that plaintiff, who is a resident and citizen of Mobile, Alabama, had any knowledge of the business relations, existing between the defendant and Bertrand, either before, or after the making of the new lease to the latter; or that she had consented to accept Kelly as her tenant in lieu of Bertrand.

The brief of Bertrand's counsel places the question determinative of the cause, very plainly and fully, in the following extract, viz.:

"The attempt to involve Bertrand in the controversy between Mrs. Mighell and Kelly, and to graft upon this summary proceeding an action for an adjustment of accounts, *if any existed,* was evidently prompted by the desire, and had for its object the purpose to postpone the determination of the controversy between Mrs. Mighell and her former lessee. If proceedings such as are resorted to here, were countenanced, every tenant whose lease had expired could maintain possession of the premises under lease to another, upon the *bald* statement that the new lease was executed for his benefit and advantage; and could thus defeat the summary process accorded to landlords for the possession of their premises upon the observance of certain formalities, and convert each case into an ordinary action, the trial of which would cover a period of time beyond the reasonable life of the contract of the lease itself; and it would confer an unfair ad-

vantage to the outgoing lessee, and subject the lessor under the existing lease to a contest in a summary proceeding, without the opportunity and advantages that the law accords him in ordinary proceedings. It would have the effect of depriving him of the possession of premises for which he had incurred all the obligations of a lessor, enjoying none of the advantages resulting from the occupation of the leased premises. It would practically nullify, in its effective operations, the summary proceedings accorded by law to the lessor for the possession of the premises, when the lease had expired."

A somewhat similar case is stated in Ward vs. Stakelum, 47 Ann. 1547, in which the court held, that a claim for damages alleged to have been sustained by the defendant lessee through the plaintiff lessor's ejectment proceedings, "cannot be grafted on a suit for possession of leased premises."

That is, in effect the attempt made by the defendant. He must resort to independent proceedings for the assertion of his rights. We do not think this a case for damages in favor of the plaintiff and appellee.

Judgment affirmed.