ST. PAUL, J.
Plaintiff (relator here) brought her action of slander of title against defendant, alleging that she was in possession as owner of an undivided half of certain *1073 real estate, and that defendant had slandered her title by recording a title to the whole property; and she prayed that defendant disclaim title or bring his petitory action.
Defendant answered denying any title in plaintiff and setting up title in himself. He further set up that plaintiff was not in possession as owner, but only as tenant, having been a tenant tof defendant’s vendor, to whose status as lessor he had succeeded by virtue of his purchase; and he prayed that his tenant be expelled.
The respondent judge, at the request of defendant, set the case down for a summary trial. Plaintiff moved to set aside such fixing, and that the case be placed on the ordinary docket. The trial judge refused, and thereupon plaintiff applied to this court for relief.
I.
Ordinarily this court will not interfere by writ with the fixing of cases by the court below; for generally the parties have an adequate remedy by appeal in due course. But the instant case presents an unusual feature. If the plaintiff is condemned as a tenant and ordered 'to depart, her appeal must be taken within 24 hours after judgment is pronounced, and not within 10 days after judgment is signed, as in ordinary eases. Hence if she be improperly forced into a summary trial to test the validity of her claims herein as owner, she will be deprived of a substantial right, to wit, the right of appeal as in an ordinary case. And we therefore feel that in such cases this court should consider the matter upon.application for a writ.
II.
We are of opinion that defendant cannot in these proceedings ask for the summary expulsion of his alleged tenant, thereby converting an ordinary proceeding into a summary one. Certainly a defendant can no more convert an ordinary action into a summary one by reconvening therein, than he can convert a summary action into an ordinary. one by the same means. See Ward v. Stakelum, 47 La. Ann. 1547, 18 South. 508; Mighell v. Kelley, 51 La. Ann. 281, 25 South. 101. And we are therefore of opinion that the trial judge improperly fixed this cause for trial in a summary manner and improperly refused the application of plaintiff to put the case on his ordinary docket.
III.
On the other hand, and in order that we not be misunderstood, we do not intend that anything herein should be taken as meaning that defendant’s right to proceed against plaintiff as a tenant should be in any way dependent upon the course or outcome of these present proceedings. n If defendant can establish, as he alleges, that plaintiff is in possession of the premises only as his tenant, it is clear that plaintiff cannot attack his title whilst she remains in the premises, or set up any title in herself adverse to his. Such a defense could not be urged by her in answer to a suit for possession; and clearly she cannot do indirectly that which she cannot do directly, to wit, she cannot by an action of slander of title anticipate an action for possession, and thus indirectly set up a defense thereto which directly she could not set up. Therefore nothing herein is to be construed as denying the right of defendant to try the issue of tenancy vel non and his right to possession in a proceeding other than this.
Decree.
It is therefore ordered that the writs herein issued be now made peremptory, and accordingly that the trial judge proceed1 no further herein as a summary ease, but transfer the same from the summary to the ordinary docket of his court, to be proceeded with according to láw; the costs hereof to be borne by defendant.