(104 So. 637)

No. 27129.

ROUSSEL v. DALCHE.

(April 27, 1925. Rehearing Denied May 25, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Mandamus** ☞48—**Denial to landlord of right to summary trial in ejectment against defaulting tenant is a substantial injury, remediable by original mandamus.**

Although Supreme Court will not interfere with fixing of cases in trial court, unless circumstances show substantial injury, denial of landlord's right to summary trial of ejectment suit against defaulting tenant is a substantial injury, to remedy which mandamus will lie.

2. **Landlord and tenant** ☞285(5)—**Landlord's right to summary trial in ejectment action against defaulting tenant not defeated by tenant's reconventional demand based on matter foreign to issue of right to possession.**

Landlord's right to summary trial in ejectment action against defaulting tenant is not defeated by tenant's reconventional demand based on matter foreign to issue of right to possession.

3. **Landlord and tenant** ☞24(1)—**Percentage to landlord of lessee's receipts from operation of amusement park held valid consideration for lease of such park.**

Percentage to landlord of lessee's receipts from operation of premises in or near amusement park *held* valid consideration for lease.

4. **Landlord and tenant** ☞285(5)—**Landlord held entitled to summary trial in ejectment action against defaulting tenant despite latter's reconventional demand.**

Landlord *held* entitled to summary trial in ejectment action against defaulting tenant despite latter's reconventional demand.

Mandamus by Mrs. Willis J. Roussel, as administratrix, to compel E. K. Skinner, as Judge of the Civil District Court, Parish of Orleans, to hear petitioner's rule, as plaintiff

in a certain action against Richard Dalche. Writ granted.

William Winans Wall, of New Orleans, for relator.

Paul W. Maloney, of New Orleans, for defendant.

ST. PAUL, J.  Plaintiff alleged that she leased to defendant certain premises in, or near, a certain amusement park, from July 12, 1923, to December 31, 1924, with privilege of renewal for two years, for and in consideration of one-half the receipts, less expenses, settlements to be made weekly; that defendant failed and refused to make settlements as agreed upon; that he was duly notified to vacate the premises, but refused to do so. She prayed that defendant be condemned to surrender the premises, and asked for the summary trial provided by law for the ejectment of defaulting tenants.

The defendant objected to a summary trial, on the ground that this was *no lease*, and hence the relations of landlord and tenant did not exist between plaintiff and himself; that he had a counterclaim against plaintiff which he wished to urge by way of reconventional demand; and that plaintiff should be relegated to an ordinary action.

The trial judge sustained defendant's position, and refused to hear the case summarily, wherefore relatrix applied to this court for a mandamus to compel him to do so.

### I.

[1, 2] In Cepro v. Matulich, 152 La. 1072, 95 So. 226, we held that we would not interfere with the fixing of cases in a trial court, unless the circumstances show that a party will suffer some substantial injury by the improper fixing of (or refusal to fix) a case. But, where a landlord is seeking to eject a defaulting tenant, he clearly suffers a substantial injury when he is refused the right to the summary trial provided by law in such case.

We also held in that same case that a tenant cannot defeat the right of his landlord to proceed summarily with the trial of his suit to eject by engrafting or attempting to engraft thereon, by way of reconvention or otherwise, anything foreign to the one issue, whether the landlord be entitled to the possession of the premises, and to that we adhere.

### II.

[3] In Logan v. State Gravel Co., ante, p. 105, 103 So. 526, No. 26429 of our docket, decided March 2, 1925, we reviewed the authorities as to the nature of the consideration necessary to support a contract of lease, and our conclusion was (in effect) that any consideration sufficed which was or could be fixed in money, commodities, or labor, and which was not dependent on the mere whim of the landlord or tenant. And we again adopted the definition of Bouvier, approved in King v. Harper, 33 La. Ann. 496, that—

"Rent [by whatever name called] is a certain profit in money, provisions, chattels or labor, issuing out of lands and tenements in retribution for the use."

In Hardy v. Lemons, 36 La. Ann. 146, wherein a racehorse was *leased* in consideration of one-half of her *net* earnings, and wherein the contention was made that "there could be no lease without a fixed price," this court said:

"The feature of the contract which provided, as a consideration, the *division of the mare's net earnings*, instead of a fixed price, did not invalidate the contract *as a lease.* * * * The contract * * * embodies *all the elements of a lawful contract* of lease. * * *" (Italics ours.)

Which case is on all fours with the case before us.

### Decree.

[4] It is therefore ordered that the respondent judge be directed to try plaintiff's rule for possession *summarily*, in accordance

with the provisions of Act 49 of 1918; and that defendant, Dalche, pay the costs of this application.