NORMAN v. WOODS

———

(January 2, 1928. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. Louisiana Digest—Landlord and Tenant —Par. 70, 117.

The purchaser from the lessor may exercise against the lessee the remedies given by Article C. C. 2713 (2683) to the lessor.

2. Louisiana Digest—Landlord and Tenant —Par. 118, 121.

In an ejectment suit the defendant lessee has no right to inject into his answer foreign questions of ownership of his lessor, of the validity of his title, or of damages inflicted by the suit.

3. Louisiana Digest—Landlord and Tenant —Par. 118, 121.

Nor can the lessee dispute the title of his lessor.

4. Louisiana Digest—Landlord and Tenant —Par. 121.

The judgment of eviction in favor of the lessor is decisive of the question that the plaintiff was the lessor of the defendant.

Appeal from the First City Court. Hon. W. Alexander Bahns, Judge.

Action by Frank S. Norman against John Woods.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Norman, Breckwoldt and Schwartz, and L. R. Hoover, of New Orleans, attorneys for plaintiff, appellee.

D. V. Dusson, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. Plaintiff claims of defendant $168 for rent.

He alleged that on September 13, 1925, he leased verbally to defendant the premises No. 641 S. Broad Street for the price of $14 per month payable in advance commencing September 13, 1925; that the defendant has occupied said premises since September 13th up to the date of filing this petition (April 22, 1927); that he has paid rent up to May 13, 1926, leaving a balance due of twelve months from May 13, 1926, to April 13, 1927, or $168, for which he prays judgment with lessor's privilege and provisional seizure.

The defendant filed a general denial, and further answering alleged "that he never entered into a contract of lease with the plaintiff, Frank S. Norman, and that he is in possession of the premises described in the petition by virtue of a contract of lease with Frances Sandford to whom he has regularly paid his rent." He also reconvened for damages for the illegal issuance of the writ, "harm done to his standing in the neighborhood and his credit, $100; and attorney's fees for the dissolution of the writ, $125."

There was judgment in favor of plaintiff as prayed for, and against the defendant, dismissing the reconventional demand.

The defendant has appealed.

In this Court the plaintiff has prayed for damages for frivolous appeal.

The record in this case shows that by Act dated January 10, 1925, Mrs. Frances Sandford sold to Frank S. Norman, plaintiff herein, the property occupied by the defendant.

It also shows that rent for that property was paid to the plaintiff for several months, including May, 1926.

There was also introduced in evidence the record in the suit of Frank S. Norman vs. John Woods, No. 143,118 of the First City Court, filed December 17, 1926, for possession of the premises 641 Broad Street.

To this suit the defendant John Woods answered that he was not the tenant of the plaintiff but of Mrs. Frances Sandford, and that if plaintiff sought to base his rule on his title from Mrs. Sandford, that the question of plaintiff's ownership under said title was pending before the Civil District Court, No. 164,415, and pleaded the exception of lis pendens; that he never paid any rent to plaintiff, and never owed him any; that he had been occupying said premises for more than one year under a verbal lease from Mrs. Frances Sandford to whom he had paid rent.

On January 10, 1927, there was judgment in that case in favor of plaintiff "condemning the defendant John Woods to vacate the premises No. 641 S. Broad Street and to deliver possession of the same to Frank S. Norman."

From this judgment John Woods took an appeal to this Court under No. 10,855. On April 6, 1927, this Court, Judge Westerfield as the organ, affirmed the judgment of the City Court, stating:

"It having been shown that Frank S. Norman was owner of record of the premises in suit during and subsequent to the time of the occupancy of the defendant stated in petition."

This decision is correct. It has been decided that the purchaser from the lessor may exercise against the lessee the remedies given by the Article C. C. 2713 (2683) to the lessor. 8 N. S. 560; Godchaux vs. Bauman, 44 A. 256, 10 So. 674; Hinrichs vs. Tulane Educational Fund, 49 A. 1029, (1036) 22 So. 96.

The defendant had no right to inject into his answer the question of ownership of the premises or the reality or validity of the sale by Mrs. Sandford to the plaintiff, Norman.

"The law intended to give a speedy and efficacious means of putting the lessor in possession and leaves the other questions growing out of the contract to be settled in due course of law, after possession is obtained." 8. N. S. 564.

A claim for damages alleged to have been sustained by the proceedings for possession cannot be grafted on a suit for possession of the leased premises. Ward vs. Stakelum, 47 A. 1546, 18 So. 508.

The defendant in ejectment proceedings cannot change the character of the action from summary to ordinary, nor engraft foreign issues thereon for the purpose of trying questions which are legally determinable only in an ordinary action.

Mighell vs. Kelly, 51 La. Ann. 281, 25 So. 101; Cepro vs. Matulich, 152 La. 1072, 95 So. 226; Babst vs. Hartz, 161 La. 428, 108 So. 871; 11 A. 612.

Nor can the lessee dispute the title of his lessor. Hanson vs. Allen, 37 A. 732; Davidson vs. Fletcher, 130 La. 668, 58 So. 504; Harvin v. Blackman, 112 La. 24, 36 So. 213; Barrett vs. Pierson, 163 La. 451, 112 So. 410.

The judgment of eviction in favor of plaintiff against defendant is decisive of the question that the plaintiff was the lessor of the defendant. 121 La. 431.

In such capacity plaintiff as lessor is entitled to recover rent from his lessee, John Woods. 37 La. Ann. 904.

We do not think that this is a case where the appeal may be considered frivolous.