## A. N. GOLDBERG, Inc. v. POYNTER.*

### No. 4809.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 2, 1934.

Henry W. Bethard, Jr., of Coushatta, for appellant.

Hoye Grafton, of Shreveport, for appellee.

DREW, Judge.

Plaintiff, a corporation with its domicile in Orleans parish, La., presented a petition to the district court of Red River parish, La., wherein it set out that it entered into a contract with the Louisiana highway commission to construct a road, known as project No. 5006, in the parish of Red River; that it did construct the said road and same was accepted by the Louisiana highway commission on January 13, 1933, and the certificate of acceptance was filed in the office of the clerk and ex officio recorder of mortgages in said parish on January 16, 1933, and was duly recorded. It further alleged that it had paid all legitimate claims that operate as privileged claims against said road or the proceeds due it, and that there are no claims unpaid that could be classed as a lien or privilege against said road or the proceeds due petitioner by the Louisiana highway commission. Plaintiff further alleged that H. F. Poynter, a resident of Bossier parish, La., did, on February 13, 1933, file in the office of the clerk and ex officio recorder of mortgages for Red River parish, La., an affidavit with statement annexed thereto purporting to be a claim against the petitioner and/or the said highway and/or the proceeds due therefrom and/or the surety on petitioner's bond as contractor, in which it is claimed that petitioner is due the said Poynter for labor performed and materials furnished in the construction of said road known as project No. 5006 the sum of $1,297, and that said claim and affidavit was subsequently recorded in the mortgage records of the parish of Red River. It further avers

that it has paid the said Poynter for all work actually performed by him and for all materials actually furnished by him in the construction of said highway known as project No. 5006, and that the claim asserted by Poynter is not and cannot be privileged under the laws of the state of Louisiana or operate as a lien thereunder.

Plaintiff further alleged repeated demands upon Poynter to cancel and erase said purported lien and his refusal to do so; that the said purported claim or lien which is recorded has greatly injured petitioner by preventing it from securing a full and final settlement of the amount due it under its contract with the Louisiana highway commission. It annexed to the petition a certified copy of said claim and lien for the purpose of showing rem ipsam. It prayed for a rule to issue citing the said Poynter to show cause why the said purported claim and lien should not be canceled from the mortgage records of Red River parish and, after trial of said rule, for judgment ordering the cancellation of the said purported lien.

An order was signed by the court ordering Poynter to show cause as prayed for, on July 28, 1933, at 10 o'clock a. m. Due to the high water making it impossible for defendant in rule or his attorney to get to the court in Red River parish on July 28, 1933, and at the request of defendant in rule, it was continued for trial until August 10, 1933, on which day defendant in rule appeared and filed exceptions to the summary proceedings, exceptions of no cause of action and of misjoinder. These exceptions have now passed out of the case in so far as this court is concerned.

Defendant in rule, on the same day, filed an answer denying the material allegations of plaintiff's petition and assuming the position of plaintiff in reconvention, alleging that plaintiff in rule was justly and legally indebted unto him in the sum of $1,297; that subsequent to the plaintiff's entering into the contract with the Louisiana highway commission to construct the road known as project No. 5006 the said plaintiff in rule entered into the following contract with him:

"A. N. Goldberg, Inc., of New Orleans, La., party of the second part enters into contract with H. F. Poynter party of the first part to move the following buildings listed below on Project No. 5006 and to furnish all labor, material and in a workman like manner, and at release from property owner to receive sixty per cent of estimate cost

and the balance of forty per cent at the completion of work.

"Work to be completed in forty working days from beginning.

| St. | 892x10 | 24x24 Cabin | $ 44.00 |
| | 711x50 | 10x12 Garage | 10.00 |
| | 711x60 | Underground Cistern & Res. | 63.00 |
| | 895x90 | 8x12 Garage | 10.00 |
| | 897x50 | 25x60 Store & filling station | 320.00 |
| | 897x50 | 24x30 barn | 40.00 |
| | 915x50 | Underground cistern & Res. | 96.00 |
| | 915x50 | 10x12 Shed | 10.00 |
| | 680 | Barn & Garage | 92.00 |
| | 1040 | Store & Filling Station | 460.00 |
| | 724 | Store & Filling Station | 517.00 |
| | 1118x25 | 20x20 Shop | 25.00 |
| | 719x90 | Residence & Cistern | 60.00 |
| | 729x11 | Residence & Cistern (Underground) | 95.00 |

"Party of first part:
"(Signed)
"H. F. Poynter
"Witness:
"(Signed) G. E. Lawhon

"Party of second part:
"(Signed)
"A. N. Goldberg, Inc.
"By: J. P. Armstrong, Secty.
"Witness:
"(Signed) Pauline McGee."

He alleged that he entered into the performance of the contract and removed all the buildings from project No. 5006 as per contract and is entitled to the full amount of $1,842, the contract price, less the sum of $545 paid him on said contract price. He alleged the filing of the lien in accordance with law, and that he is entitled to have the said lien and privilege recognized and enforced against said project. He alleged demand, and that more than thirty days had elapsed since demand was made, and he is entitled to 10 per cent of the amount of his claim and lien as attorney's fees.

In an alternative reconventional demand, defendant alleged he was prevented by plaintiff from removing three of said buildings and therefore is entitled to the contract price as though he had removed the said buildings; and in the further alternative, he alleged he was entitled to recover the profits he would have made if he had been allowed by plaintiff to carry out the contract and remove

the buildings, and prayed for judgment in the sum of $668.50 under a quantum meruit.

Plaintiff in rule filed a motion to strike the reconventional demand and alternative reconventional demands from the defendant's answer for the following reasons:

(1) That the court is without jurisdiction to entertain an action in damages ex contractu against plaintiff because plaintiff is domiciled in the city of New Orleans, state of Louisiana.

(2) Because the same cannot be allowed in this proceeding as it is summary in character.

(3) Because the plaintiff herein is domiciled at New Orleans, parish of Orleans, La., and the defendant herein is domiciled in Bossier parish, La.; hence neither of the parties are domiciled in the parish of Red River.

(4) Because the same is directly opposed in its allegations of fact to the statements made and contained in the sworn affidavit of plaintiff on record in the mortgage records of the parish of Red River, La., which said affidavit caused this proceeding and forms the subject-matter of the same.

This motion was by agreement submitted to the court to be passed upon without prejudice.

On trial of the case, which took place on the same day, plaintiff reserved all rights under said motion to strike by timely objecting to any testimony on the reconventional demands, which objections were overruled.

After trial had, the lower court rendered judgment ordering and directing the cancellation from the mortgage records of Red River parish the claim and lien filed by defendant in rule; and further judgment was rendered on the alternative reconventional demand of defendant on quantum meruit in favor of defendant in the sum of $668.50, with legal interest from judicial demand; defendant to pay costs of rule and plaintiff costs of the reconventional demand. The plaintiff asked for and was granted orders of appeal from that part of the judgment wherein defendant was awarded judgment on his reconventional demand. Defendant did not appeal. He however, has answered the appeal taken by plaintiff and prayed that the judgment on the reconventional demand be increased to $1,297, with interest from February 3, 1933, until paid, and with 10 per cent. of said amount as attorney's fees, with recognition of the lien and privilege filed by him in the mortgage records of Red River parish; or, in the alternative, that the judgment on the reconventional demand be increased to the amount of $1,297, with legal interest from judicial demand; or, in the further alternative, that the judgment of the lower court be affirmed.

Since neither plaintiff nor defendant appealed from the judgment ordering the cancellation of the lien and claim filed by defendant in the mortgage records of Red River parish, the only part of the case before us for review is the judgment in favor of defendant on his reconventional demand.

While the minutes of the court do not show that the motion to strike the reconventional demand from the answer was ever passed upon by the lower court, the minutes do show it was submitted to the court for decision, and the judgment awarding judgment on the reconventional demand clearly imports that the motion was overruled. Plaintiff has appealed from that judgment and seriously urges the motion to strike here.

■■ We are of the opinion that the motion to strike the reconventional demands from defendant's answer should have been sustained. The proceedings instituted by plaintiff were of a summary nature and were never changed to an ordinary action. The continuance which was granted was requested by defendant in rule and did not change the action from a summary one to an ordinary one. It would have been different had the continuance been requested by the plaintiff. Williams & Gray v. Stewart (La. App.) 147 So. 103, 106.

Defendant cannot convert a summary action into an ordinary action by reconvening therein. Cepro v. Matulich, 152 La. 1072, 95 So. 226; Ward v. Stakelum, 47 La. Ann. 1547, 18 So. 508; Mighell v. Kelley, 51 La. Ann. 281, 25 So. 101.

Counsel for both plaintiff and defendant rely upon the case of Williams & Gray v. Stewart, cited supra, decided by this court March 31, 1933, wherein we said:

"The first question to be decided is whether the reconventional demands set up by defendants can properly be maintained in this, a summary, action. The plaintiff and its component members are domiciled without Red River parish.

"The pertinent part of article 375 of the Code of Practice reads as follows: * * * When the plaintiff resides out of the State, or in the State, but in a different parish from the defendant, said defendant may institute a demand in reconvention against him for any cause, although such demand be not nec-

essarily connected with, or incidental to the main cause of action.'

"This law simply lays down the rule that when one is sued before his own court by a plaintiff who resides in another parish, that by reconvention defendant may invoke any kind of cause of action against plaintiff and cumulate it with the main suit for purpose of trial and determination. The intention of the rule is manifest. The law abhors a multiplicity of suits. The quoted part of this article is comprehensive in its purpose. No exceptions are incorporated in it,. and, after diligent search, we have found no decision by our courts writing into it any exception, nor, by interpretation, modifying the plain meaning of its unambiguous wording. We have been cited to none. No hardship or inconvenience has been inflicted on plaintiff by these reconventional demands being allowed and tried along with its rule. This rule was originally fixed for trial on December 11, 1931, and on motion of plaintiff's counsel was continued and refixed for trial on February 8, 1932. On this date answers were filed and trial immediately had. The summary character of the suit was destroyed by the delay, which plaintiff voluntarily caused by asking for a long continuance. We think the ruling of the lower court on this question correct."

What we attempted to convey to the mind in deciding that case was that the plaintiff by his voluntary actions had changed the action from a summary one to an ordinary one; therefore, after the summary character of the suit was destroyed, there was no law which prevented the filing of a reconventional demand, since the plaintiff and defendant resided in different parishes. The reconventional demand of defendant in this case is an ordinary action, and to allow it to be tried with the summary action filed by plaintiff would be to allow a summary action to be converted into an ordinary action by the filing of a reconventional demand. We do not think this can be done, and the motion to strike the reconventional demand from the answer should have been sustained.

It is therefore ordered, adjudged, and decreed that that part of the judgment of the lower court appealed from, which was the judgment on the reconventional demand, is hereby reversed, and the demands of defendant in reconvention are rejected at his cost in both courts, reserving to him the right to exercise whatever rights he has thereunder in a direct action against plaintiff.

*Rehearing denied December 5, 1934.