REDMANN, Judge.
A separated wife appeals from a judgment in her husband’s favor evicting her and their 13-year-old child from a house which is the husband’s separate property (although over half paid for by community funds). We affirm.
Insofar as this record shows, the use of the house by the wife and child was not awarded by the Civil District Court in fixing child support or in refusing alimony pendente lite (although the need hereafter to pay rent may increase those items). The record therefore reveals only a case of a property owner evicting someone whom he previously allowed to occupy the property rent-free.
The petition did not allege such a case (as Stroughter v. Shepherd, La.App. 4 Cir. 1968, 207 So.2d 865, holds essential to state a cause of action). However, the parties stipulated without objection as to the facts and we hold the issues therefore treatable “as if they had been raised by the pleadings.” C.C.P. 1154.
The property remained the separate property of the husband despite payment of its mortgage with community funds. C.C. 2334; Fontenot v. Fontenot, La.App. 3 Cir. 1976, 339 So.2d 897, writ refused, La., 342 So.2d 217. The mere fact that the occupants of the property are the owner’s separated wife and his child (of whom the wife has custody) does not affect the owner’s right to possession of the property. The owner’s obligations towards his separated wife and child should be fixed by orders of the district court for such alimony and child support as may be due, and there is no order obliging the owner to allow them to occupy these premises or accepting their occupancy as a payment in kind of alimony or support.
Affirmed.