REDMANN, Judge.
Defendant appeals from a judgment of eviction. She argues that she was denied the opportunity to make out her defense because of excusable tardiness in arriving for trial.
*699 The defense was that she is entitled to remain in the premises, which were the separate property of her deceased husband (whose heir’s executrix is plaintiff), because community funds were used to make payments on a mortgage on the property. (The brief suggests her separate funds were also so used.) Alternatively, she sought recovery for half of the community funds so used.
Had defendant presented that defense, eviction should still have been ordered. She would not be entitled to remain in the premises even though her separate funds and community funds were used as alleged. Pritchett v. Pritchett, La.App., 4 Cir. 1977, 350 So.2d 1264.
Appellant’s alternative reconvention for a money judgment is an ordinary proceeding rather than summary, and it is therefore not presentable by reconvention to an eviction rule; C.C.P. 1036; Ward v. Stakelum, 1895, 47 La.Ann. 1546, 18 So. 508. See also Cepro v. Matulich, 1923, 152 La. 1072, 95 So. 226.
Appellant also argues that her husband’s heir (a daughter by a previous marriage) was never placed in possession of the house in question, and therefore her executrix has no right to demand eviction. But the heir (other than a particular legatee) is seized of right at the moment of the decedent’s death, C.C. 940, and therefore does not have to be put in possession, art. 941, and the decedent’s right of possession continues in the heir, art. 942.
Affirmed.