CHIASSON, Judge
dissenting:
While I agree with the general principle as announced by the Supreme Court in the case of Kramer v. Freeman, 198 La. 244, 3 So.2d 609 (1941) that there may be cases where a court would be justified, for reasons based upon the public policy, in refusing to permit a husband to sue his wife during the marriage, I cannot agree that the deciding factor should be the obtaining of a judgment of separation. The marriage is still in existence even after a judgment of separation. Further, if a cause for separation exists, Louisiana Revised Civil Code Art. 120 is not enforceable even before the rendition of a judgment of separation.
In this particular case the premises were used as the matrimonial domicile of the parties prior to their separation and as a place of business of the husband. The parties were in fact separated and a suit for separation was pending in the Family Court of East Baton Rouge Parish. The husband-owner’s responsibilities to his separated wife should be determined by the orders of the family court in which the separation suit is pending. No order or judgment of that court has been filed in this proceeding which obliges the husband-owner to allow his wife the use of these premises or accepting her occupancy thereof as a payment in kind of alimony. The fact that the occupant of the premises is the owner’s separated wife does not affect the owner’s right to possession of his property. Pritchett v. Pritchett, 350 So.2d 1264 (La.App. 4th Cir. 1977).
I therefore respectfully dissent.