MARVIN, Judge.
The lessee of a Shreveport cocktail lounge appeals a judgment denying its demands to evict the operator of the lounge who had been occupying the lounge either as a sub-lessee or mere occupant for several years. We reverse and render judgment evicting the operator. La. CCP Arts. 4701-4735; CC Arts. 2685, 2686; Magnolia Petroleum Co. v. Carter, 2 So.2d 680 (La.App. 2d Cir.1941).
Plaintiff, M.A. Financial, Inc., is a corporation solely owned by Michael Roberts. That corporation leased the premises from others under a written lease for three years beginning January 30, 1979. The lease instrument also granted plaintiff the option of renewing the lease for an additional three years at an increased rental. At the time the lease was executed Michael Roberts owned Action West, Inc., which became the corporate operator of the lounge. At all times, Action West, Inc. paid the monthly rent due on the lease of January 30, 1979, which was recorded on the public records of Caddo Parish.
*1286 In late 1981, Michael Roberts sold all of the corporate stock of Action West, Inc. to Fred M. Wiggins, who, with Action West, Inc., is a defendant-appellee in these proceedings. Apparently no mention was made in the sale of the corporate stock about the lease of January 30, 1979, but after the sale, Action West, Inc. remained in the leased premises and continued to pay the rent to the owners of the premises. The lease states that the premises shall not be sublet or assigned without written consent of the owners-lessors of the premises. The owners did not object to the occupancy of Action West, Inc. and stated that they were “satisfied” with Action West, Inc. as a tenant in the premises and that they had no desire to evict Action West, Inc. The owners are not parties to this action but appeared as witnesses.
By letter of December 1, 1981, Action West (now Wiggins) sought to exercise the option to renew that was granted plaintiff, M.A. Financial (Roberts), in the 1979 lease.[1] The owners “acknowledged” the “renewal ... as per the original lease.” This “renewal” was not recorded on the public records.
M.A. Financial (Roberts) obtained the written acknowledgment and acceptance by the owners and exercised the option to renew or extend the lease by a letter dated February 4, 1982:
“This letter confirms our conversation that the lease ... dated January 30, 1979, ... will be renewed in accordance with the terms of the lease ... at an increase ... rental ... for an additional three years.”
This letter was recorded on the public records. Action West (Wiggins) paid the increased monthly rental to the owners-lessors of the premises.
On August 7, 1982, Roberts (M.A. Financial) informed Action West, Inc. that its “month to month rental” was being terminated effective August 31, 1982. See Magnolia Petroleum Co., supra. On November 7, 1983, formal notice by certified mail was sent to Action West, Inc. as required by CCP Art. 4701. This action to evict was filed about two weeks later.
TRIAL COURT’S REASONS
Denying plaintiff’s demands, the trial court said that the owners “would rather continue to deal with Action West ...,” that eviction would create a “great problem for the owners,” and that courts should not “tell an owner who he can lease to and under what terms and conditions.”
THE LAW
M.A. Financial, Inc., as a lessee, is legally deemed to be an owner entitled to invoke eviction procedures against its occupant or sublessee. CCP Arts. 4704, 4702. CC Arts. 2685-2691. Occupant is defined as any person occupying immovable property by permission or accommodation of the “owner.” Action West, Inc., under the circumstances of this record, was an occupant who occupied the premises by permission or accommodation of the lessee-“owner” and without the duration of that occupancy being fixed. CCP Art. 4704, CC Art. 2685. The fact that the true owners-lessors were also pleased with Action West’s occupancy does not affect the relationship between Action West and plaintiff. If Action West is also considered as a lessee of plaintiff, the “lease” was not of fixed duration, and Action West remains a mere occupant by definition of the eviction statutes. CCP Art. 4704.
*1287 A [sublessee or occupant in an eviction proceeding cannot contest the title of plaintiff, its [sublessor or permittor. Magnolia Petroleum Co., supra. See also Norman v. Woods, 8 La.App. 184 (Orl.App. 1928) and authorities cited therein. The validity of plaintiffs lease from the true owners of the premises is not at issue under these circumstances. Even though Action West paid the rent that was owed by plaintiff under its written lease, Action West was occupying the premises on a month to month basis and not for a term of fixed duration. CC Art. 2685. Plaintiff was entitled to withdraw its permission by giving notice to terminate as required by CC Art. 2686. See also CCP Art. 4701. This notice was given by plaintiff.
Action West and Wiggins contended they were “fully and lawfully [the] occupants and lessees of the premises.” Action West, however, bases its alleged status on its continued occupancy and its attempt to exercise the option to renew the lease that was granted to plaintiff.[2] Under these circumstances, the trial court erred in not ordering the eviction. CCP Art. 4732. Magnolia Petroleum Co., supra.
DECREE
The judgment appealed is reversed and defendants, Action West, Inc. and Fred M. Wiggins, are hereby ordered to deliver possession of the premises at municipal number 618 Commerce Street, Shreveport, Louisiana, to plaintiff, M.A. Financial, Inc.
All costs of these proceedings are assessed against defendants in solido.
REVERSED AND RENDERED.

. Defendants' letter to each owner read:
"RE: Lease Agreement of 618 Commerce Street between Jacob Wolchansky and Adelaide N. Ridgeway and M.A. Financial,
Inc., Mike Roberts,
Action West, Inc., and Fred Wiggins
"Please be on notice that Action West and Fred Wiggins are exercising their option to renew the lease of 618 Commerce Street, known as Action West, in conformity with the terms of the original lease agreement of January 30, 1979. Further, the aforementioned exercise of the option has been hand delivered this 1st day of December, 1981."

. Defendants’ letter attempting to exercise the option is quoted in footnote one and expressly refers to the lease of January 30, 1979, between the owners and M.A. Financial, Inc.