EDWARDS, Judge.
Plaintiff corporation, as lessor, and defendant Elias Chaney, as lessee, executed a written lease on April 25, 1974 whereby defendant leased a certain tract of land in Iberville Parish from plaintiff for the stated period of one year, ending December 31, 1974. The lease contained an option permitting the defendant to renew for an additional period of one year, or through December 31, 1975. At the expiration of the second year defendant refused to vacate despite plaintiff’s request.
On January 5, 1976 plaintiff filed suit to evict defendant through summary proceedings. Defendant filed an exception of lis pendens alleging an earlier suit for eviction by plaintiff was still pending. Defendant then answered and reconvened asserting the possessory action. Defendant’s wife intervened, likewise asserting the possessory action. Plaintiff excepted to the reconven-tional demand and intervention on the grounds of improper cumulation of actions, no right of action, and unauthorized use of summary process.
The trial court sustained plaintiff’s exceptions and overruled defendant’s exception of lis pendens. After trial on the rule, judgment was rendered in favor of plaintiff and against defendant, condemning the defendant to vacate the premises and to deliver possession of the land to plaintiff. Defendant appeals this judgment.
Defendant’s only specification of error is the trial court’s overruling of his exception of lis pendens.
The basis of defendant’s exception is a suit previously filed by plaintiff. This was likewise a suit for eviction of defendant from the same tract of land. However, that suit alleged the non-payment of rent due pursuant to an oral lease as grounds for eviction, while the present petition alleged and plaintiff proved the expiration of a more recent and written lease as grounds for eviction.
The exception of lis pendens is provided for by LSA-C.C.P. art. 531, which states:
“When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same *1230 parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final. judgment rendered shall be conclusive of all.”
The pertinent criterion for the instant decision is that the suits be “on the same cause of action.”
Appellant fails to distinguish the object, or demand, of the two suits from the causes of action. While both suits seek the same object (to have Chaney evicted), the causes of action are different. In Hope v. Madison, 192 La. 593, 606, 188 So. 711, 715 (1939), our Supreme Court defined a cause of action as follows:
“A cause of action is an act on the part of a defendant which gives rise to a plaintiff’s cause of complaint; ‘the existence of those facts which give a party a right to judicial interference in his behalf’; ‘the situation or state of facts which entitles a party to sustain an action.’ ”
The distinction has been noted “that the demand of a suit is not synonymous with the cause of action therein. The demand is the object of the suit. The cause of action is the state of facts which gives a party a right to judicially assert an action against the defendant.” Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350, 353 (La.1975), citing National Surety Corporation v. Standard Accident Insurance Company, 247 La. 905, 175 So.2d 263 (1965).
Clearly, the factual bases of the two suits in question are dissimilar: the one is based on failure to pay rent due under an oral lease, the other alleges termination of a written lease covering a separate and later time period. Since these are separate causes of action, the exception of lis pendens properly was overruled.
The decision of the trial court is affirmed at appellant’s cost.
AFFIRMED.