470 So.2d 886 (1985)
BEST HOMEY PARTNERSHIP d/b/a Best Western Inn
v.
Mr. and Mrs. Philip and Janet SUN, Mr. and Mrs. Paul and Jean Yu.
No. CA 84 0108.
Court of Appeal of Louisiana, First Circuit.
March 21, 1985.
Fred A. Palmer, III, Baton Rouge, for plaintiff-appellant Best Homey Partnership d/b/a Best Western Inn.
Davis B. Allgood, Baton Rouge, for defendant-appellee Mr. & Mrs. Phillip & Janet Sun and Mr. & Mrs. Paul & Jean Yu.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
Plaintiff-appellant, Best Homey Partnership (Best Homey), d/b/a Best Western Inn, appeals the maintenance of an exception of lis pendens in favor of defendants-appellees, Mr. and Mrs. Philip Sun, and Mr. and Mrs. Paul Yu (Sun and Yu).
The pertinent facts of this case are relatively simple. Best Homey operates the Best Western Inn motel in Baton Rouge. Sun and Yu operated a restaurant on the premises of the Best Western Inn. By letter dated October 20, 1983, Best Homey had delivered to Sun and Yu a written notice to vacate the property. On October 31, 1983, Sun and Yu filed suit against Best Homey in Division "B" of the Nineteenth Judicial District Court seeking a declaratory judgment recognizing the existence of a valid lease between the parties. On November 3, 1983, Best Homey filed a motion for a rule to show cause in Division "K" of the Nineteenth Judicial District Court, seeking to have Sun and Yu evicted from the motel property. Sun and Yu then filed an exception of lis pendens, which was maintained by the trial court based on the suit pending in Division "B" for declaratory judgment. Best Homey's action was dismissed with prejudice.
Eviction proceedings are summary in nature. LSA C.C.P. arts. 2592, 4731. Summary proceedings are those which the legislature intended to be conducted with rapidity. LSA C.C.P. art. 2591. Sun and Yu argue, in effect, that the summary nature of the eviction procedure may be circumvented by two simple steps. First, after the notice to vacate is delivered, the tenant or occupant files an ordinary action for a declaratory judgment of the rights of the tenant or occupant to occupy the property. Second, after the owner or lessor rules into court the tenant or occupant on the notice to vacate, the tenant or occupant then simply *887 files an exception of lis pendens on the ground that the declaratory judgment was the first "suit" filed. The desired result is dismissal of the eviction procedure under LSA C.C.P. art. 531.
In order for an exception of lis pendens to be sustained, the two suits must be between the same parties in the same capacities, have the same object, and be the same cause of action. LSA C.C.P. art. 531; Slater v. Slater, 336 So.2d 965 (La.App. 4th Cir.1976). Here, even if we assume that the other requisites are met, the two suits, the suit for declaratory judgment and the suit for eviction, have different objects, one to obtain a declaratory judgment, the other to evict, and also involve different causes of action. Furthermore, the existence of a valid lease is a defense in an eviction proceeding, and need not be brought to the court's attention by suit for a declaratory judgment.
Accordingly, the judgment of the trial court dismissing Best Homey's action is reversed. All costs of this appeal are to be paid by appellees, Mr. and Mrs. Philip and Janet Sun, and Mr. and Mrs. Paul and Jean Yu.
REVERSED.