519 So.2d 863 (1988)
Janet D. DIZELL, Agent for Pelican Homestead and Savings Association
v.
Martin DURR.
No. CA-7888.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1988.
*864 Ernest L. Jones, Jones Associates, Ltd., New Orleans, for appellant.
Robert G. Stassi, Brook, Morial, Cassibry, Fraiche & Pizza, New Orleans, for appellee.
Before CIACCIO, LOBRANO and CADE, JJ.
LOBRANO, Judge.
This appeal arises out of a judgment in favor of Pelican Homestead and Savings Association (Pelican) and against Martin Durr (Durr) which made Pelican's Rule for Possession of the premises located at 1474 Magazine Street absolute, and ordering Durr to vacate the premises immediately.
The facts leading up to Pelican's filing of the Rule for Possession are as follows:
On July 3, 1985, Pelican instituted foreclosure proceedings against Raymond A. and Nancy Mix (the Mixes) owners of 1474 Magazine Street for failing to make payments on the mortgage indebtedness held by Pelican. In August of 1985, prior to the sheriff's sale of the property, the Mixes filed a Chapter 11 bankruptcy proceeding in the Bankruptcy Court for the Eastern District of Louisiana. Subsequently, in November of 1985, Pelican filed a motion in the bankruptcy proceedings for relief from the automatic stay order. At the same time, the Mixes filed a motion to dismiss their bankruptcy proceeding.
Both motions were heard in January of 1986 and the bankruptcy court dismissed the bankruptcy proceeding prohibiting the Mixes from filing any further bankruptcy proceeding for 180 days from the date of the order. Pelican then revived it's foreclosure action. Before the scheduled April 24, 1986 sheriff's sale, the Mixes filed another bankruptcy proceeding. On April 23, 1986, on motion of Pelican, the bankruptcy court dismissed the Mixes second Chapter 11 bankruptcy proceeding and ordered the sheriff's sale to proceed. On the day of *865 the second sheriff's sale, the Mixes sought to enjoin the sale. The trial judge refused to issue a temporary restraining order. Pelican then purchased the property at the sheriff's sale. Subsequently, the Mixes filed a suit to annul the sheriff's sale and judgment of foreclosure. In addition, the Mixes filed a suit in the U.S. District Court for the Eastern District of Louisiana under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1961, et seq. (RICO) against Pelican and its attorneys.
On November 3, 1986 Pelican filed a motion to stay the suit to annul the foreclosure sale. The Mixes agreed to continue indefinitely the hearing on the motion.
It is not clear from the record when Pelican first became aware of the tenancy of Durr. Nevertheless, because of the ruinous condition of the building, and their desire to renovate and sell same, Pelican filed the instant rule seeking Durr's eviction.
Durr's defense to that rule are exceptions of lis pendens and no cause of action. There were no other defenses asserted.
The trial judge ordered the eviction, and Durr perfects this appeal. He asserts the court erred in failing to maintain his lis pendens exception, and that Pelican's actions in the suit to annul constituted estoppel which barred the present eviction action.
LIS PENDENS
An exception of lis pendens should be granted only where there are two or more suits pending on the same cause of action between the same parties, in the same capacity and having the same object. C.C.P. Art. 532; Klein v. Recorder of Mortgages for Orleans Parish, 430 So.2d 1047 (La.App. 4th Cir.1983). (emphasis added)
After reviewing the record it is obvious that the parties in interest in the two suits are not the same. The Mixes are not parties to the Rule for Possession and Durr is not a party against Pelican to annul the sheriff's sale. Likewise, the cause of action is different. Durr's assertion that the rule for possession is one for ownership as well as possession and thus is the same cause of action as the suit to annul the sheriff's sale is strained at best. The cause of action in the first suit is to annul a sale, the cause of action in the second suit is eviction. Pelican owns the property and has title to it by virtue of the sheriff's deed. Pelican's action in the instant case is against Durr, a purported lessee of the property and in no way is an action against the Mixes to determine ownership of the property.
The Mixes may have an interest in the outcome of the eviction proceeding as does Durr in the outcome of the suit to annul the sale. However, the fact that the result in the earlier action might enter into the determination of the action in which the plea is made is insufficient to support the plea. The mere identity of issues is not sufficient to support an exception of lis pendens. The cause of action and the object must be the same. Bank of New Orleans and Trust Co. v. Seavey, 374 So.2d 696 (La.App. 4th Cir.1979), reversed on other grounds, 383 So.2d 354 (La.1980), on remand, 399 So.2d 642 (La.App.1981), writ den. 401 So.2d 1196 (La.1981); Willswood Plantation, Inc. v. Foret, 314 So.2d 409 (La.App. 4th Cir.1975). See also; Decatur St. Louis Combined Equity Properties, Inc. Venture v. Abercrombie, 421 So.2d 253 (La.App. 4th Cir.1982); Estilette v. Rogers, 301 So.2d 372 (La.App. 4th Cir. 1974); Mix v. City of New Orleans, 126 So.2d 1 (La.App. 4th Cir.1961); Bert Homey Partnership v. Sun, 470 So.2d 886 (La.App. 1st Cir.1985); A Wilbert's Sons Lumber and Shingle Co. v. Chaney, 337 So.2d 1229 (La.App. 1st Cir.1976).
Although it can be argued that a judgment in the nullity suit would preclude Pelican's eviction proceedings, it is equally true that Pelican's success in the eviction suit would not be dispositive of the nullity suit. Therefore, Durr's argument that a fair test of lis pendens is to consider the res judicata aspects of the two suits also lacks merit.
We therefore conclude the trial court did not err in overruling the exception of lis pendens.
*866 ESTOPPEL
Durr asserts that Pelican's actions to stay the proceedings in the suit to annul the sale stands as a waiver by Pelican of its claim of ownership and possession thus precluding Pelican under the doctrine of equitable estoppel from exercising possession over the property and evicting him. We disagree.
Our Supreme Court has defined equitable estoppel as "... the effect of voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct". American Bank and Trust Co. v. Trinity Universal Ins. Co., 205 So.2d 35 (La.1967), at 40.
The doctrine is founded upon good faith and is designed to prevent injustice by barring a party, from taking a position contrary to his prior acts, admissions, representations, or silence. American Bank and Trust Co. v. Trinity Universal Ins. Co., supra.
Equitable estoppel is not favored in our law and is applied only when the ends of justice so demand. John Bailey Contractor, Inc. v. State Department of Transportation and Development, 439 So. 2d 1055 (La.1983).
It is a doctrine of last resort; there is no statutory material or body of jurisprudence that justifies its use and it has been discussed by our Supreme Court only to disallow a claim or defense that an opponent ought not to be able to make. Howard Trucking Co., Inc. v. Stassi, 485 So.2d 915 (La.1986), cert. den. 107 S.Ct. 432, 93 L.Ed. 382.
In those rare instances when it is applied, three elements must be present, (1) a representation by conduct or work; (2) justifiable reliance thereon; and (3) a change of position to one's detriment because of that reliance. Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975).
Durr asserts that Pelican and the Mixes have been contesting the ownership of the property since July of 1985 and that the Mixes have never relinquished physical possession of the property and that under these circumstances, it was reasonable for them to interpret Pelican's request to "Stay the Proceedings Without Date" as relating to all aspects of the ownership controversy including any claim for possession.
No evidence whatsoever was presented to substantiate such an argument. Durr's suggestion that the intent of the parties to stay the proceedings went beyond the mere suspension of litigation of ownership is completely unsupported by the record. The evidence clearly indicates the status quo was then, and is now, that Pelican owns the property pursuant to the sheriff's deed. Based upon this evidence we reject application of the equitable estoppel doctrine in this case.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.