771 So.2d 784 (2000)
Bryan SPALLINO
v.
MONARCH SIGN COMPANY.
No. 00-447.
Court of Appeal of Louisiana, Third Circuit.
October 11, 2000.
Dan C. Panagiotis, D.C. Panagiotis, Ltd., Lafayette, LA, Counsel for Plaintiff/Appellee.
Tracy P. Curtis, Perret Doise, APLC, Lafayette, LA, Counsel for Defendant/Appellant.
(Court composed of Judge ULYSSES G. THIBODEAUX, Judge JOHN D. SAUNDERS and Judge MARC T. AMY).
AMY, Judge.
The plaintiff/landowner filed suit for eviction seeking removal of defendant's freestanding billboard sign located on his property. The plaintiff claimed that the sign interfered with the development of the property which was a violation of the terms of their written lease agreement. The defendant excepted to the eviction suit claiming that the suit was barred due to pending litigation in district court in which the plaintiff sought a declaratory judgment of ownership as to the sign. The city court denied the exception of lis pendens, then went on to find that the lease had been breached and ordered the defendant to remove the sign. The defendant appealed. For the following reasons, we reverse the judgment of the city court, grant the exception of lis pendens, and dismiss the suit without prejudice.

Factual and Procedural Background
On November 14, 1997, Bryan Spallino and his wife bought a piece of property in Lafayette, Louisiana, with the intent to construct a new building for their jewelry store business, A-Bryan's Jewelry. Situated on the property is a 14' × 48' freestanding outdoor advertising structure presently maintained by LC Billboard, LLC, d/b/a Monarch Sign Company (Monarch). The billboard is located on the *785 property pursuant to a written "Land Lease Agreement" which was originally entered into by Headrick Outdoor, Inc., Monarch's predecessor, and the previous owner of the property, on December 29, 1986. The lease agreement indicates that an annual rent of $1,200.00 would be paid for a period of fifteen years with two, five-year options from the date of the structure's installation. The lease also contains the following provision:
This agreement shall become a part of any transaction which constitutes the sale and/or lease of property on which the sign is located and shall be transferred to the new owners or lessees. However, if this sign interferes with a construction or renovation project or prevents the landowner from selling and/or leasing the property upon which the sign is located, then Headrick Outdoor, Inc. [now Monarch] will remove or relocate on said property the above mentioned sign within sixty (60) days of written notice.

(Emphasis added.)
On May 11, 1998, Monarch received a letter from Mr. Spallino stating his intention to build a new facility on the property and that according to the lease, the sign could be removed if it interfered with any construction or renovation project of the landowner. Mr. Spallino indicated his desire for Monarch to remove the sign and noted that the letter would serve as the sixty-day written notice for removal as required by the terms of the lease. Although discussions ensued between Mr. Spallino and Monarch regarding the removal of the sign, the sign remained on the property. In November 1998, Mr. Spallino filed suit for a declaratory judgment in the Fifteenth Judicial District Court, Lafayette Parish, seeking a judgment declaring he and his wife owners of the sign and thus, entitled to receive all revenues Monarch collected from leasing the sign after the sixty-day notice of removal had prescribed. Thereafter, while the suit for declaratory judgment was pending, Mr. Spallino asserted a separate claim for eviction against Monarch in the City Court of Lafayette on October 25, 1999. Monarch responded by filing a declinatory exception of lis pendens claiming that the eviction suit was barred by the suit pending in district court. The exception was considered by the court prior to the hearing on the rule for eviction. In denying the exception, the city court reasoned that lis pendens was not warranted because the two suits were distinguishable. The city court found that the suit in district court, seeking a declaration of ownership and damages, dealt with separate issues than those presented in the present eviction suit. Further, it reasoned that the exception should be denied due to the fact that a judgment rendered by the district court would not affect its decision of whether or not to evict Monarch and order the removal of the sign.
Following its denial of the exception, the city court considered the eviction claim and Mr. Spallino's assertion that Monarch's sign interfered with his plans to construct a new jewelry store on the property. After receiving the evidence presented, the city court determined the sign interfered with the proposed construction of the jewelry store and that under the terms of the lease agreement, Monarch was obligated to remove the sign after receiving the sixty-day written notice from Mr. Spallino. Accordingly, Monarch was ordered to remove the sign within ninety days from the date of judgment.
Monarch appeals the judgment of eviction asserting error on behalf of the city court for failing to grant the exception of lis pendens, as well as the court's determination that Mr. Spallino offered sufficient evidence to prove a breach of the lease. Moreover, Monarch claims error in the city court's finding that the lease required Monarch to completely remove the sign rather than relocate it elsewhere on the property.

*786 Discussion of the Merits

Lis Pendens
Monarch alleges that the city court erred in denying its exception of lis pendens since the action pending in district court is identical to the eviction proceeding in city court. It claims the parties to both actions are identical; that in each case Mr. Spallino seeks a judicial determination that the billboard lease has been terminated; and that there has been a failure by Monarch to remove the sign within sixty days. Thus, Monarch argues, the suit for eviction should have been dismissed on the exception of lis pendens as set forth in La.Code Civ.P. art. 531.
Mr. Spallino contends that the two suits are distinguishable since each seeks different relief and has different issues. He claims that the district court action is an ordinary proceeding seeking a judgment declaring he and his wife owners of the sign, as well as their entitlement to annual lease payments and revenues derived from the sign. The city court action, he argues, is a summary proceeding requesting an eviction.
After considering the law applicable to the exception of lis pendens and the facts presented in this particular case, we find merit in Monarch's position.
La.Code Civ.P. art. 531 states:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925 [declinatory exceptions]. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.[1]
(Footnote added.)
Jurisprudence has determined that a fair test for deciding whether an exception of lis pendens should be granted is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit. Warner v. Carimi Law Firm, 98-613 (La.App. 5 Cir. 12/16/98); 725 So.2d 592, writ denied, 99-0466 (La.4/1/99); 742 So.2d 560; Domingue v. ABC Corp., 96-1224 (La.App. 4 Cir. 6/26/96); 682 So.2d 246, writ denied, 96-1947 (La.11/1/96); 681 So.2d 1268; Bunch v. Schilling Distributing Inc., 589 So.2d 502 (La.App. 3 Cir.1991), writ denied, 592 So.2d 1319 (La.1992). See also MARAIST AND LEMMON, LOUISIANA CIVIL LAW TREATISE, Vol. 1 § 6.5(3) (1999).
In the instant matter, it is evident from the record that a suit was pending in a Louisiana district court between the same parties, Mr. Spallino and Monarch, in the same capacities, owner/lessor and lessee, at the time Mr. Spallino brought the eviction suit in city court. Therefore, under Article 531, the central inquiry becomes whether the eviction proceeding arose out of the same transaction or occurrence which is the subject matter of the first suit filed in district court.
At the center of both suits instituted by Mr. Spallino is the question of whether or not the lease agreement has been breached. In both suits, the courts are asked to decide whether the sign interferes with the construction of the proposed jewelry store and, if so, then to interpret the terms of the lease agreement and determine whether Monarch is obligated to remove the sign or merely relocate the sign on another part of the property. In the suit in district court, Mr. Spallino, through his supplemental and amending petition, seeks to have the court declare that "the lease contract was properly terminate[d] as per the terms of the contract" and "[d]eclar[e] that proper notice was given to the defendant for removal of their sign." Moreover, the *787 issue of breach and Monarch's right to keep the sign on the property is also essential to Mr. Spallino's claim for ownership. Mr. Spallino does not base his claim of ownership of the sign on title, rather, he seeks a declaration of ownership based on La.Civ.Code art. 493, which states in part:
When the owner of buildings, other constructions permanently attached to the ground ... no longer has the right to keep them on the land of another, he may remove them subject to his obligation to restore the property to its former condition. If he does not remove them within 90 days after written demand, the owner of the land acquires ownership of the improvements and owes nothing to their former owner.
Thus, before the district court can determine whether Mr. Spallino is entitled to ownership of the sign under the provisions of Article 493, it must decide if the sign interferes with the construction of the jewelry store. Then the district court must determine whether the lease requires Monarch to remove the sign or relocate the sign, i.e., whether Monarch no longer has a right to keep its property on the land and whether Monarch was given proper written notice to remove the sign. See La.Civ.Code art. 493. Similarly, the city court in the eviction suit was presented with, and made determinations as to these very issues.
Since the courts in the different suits were asked to make factual determinations as to the same issues based on the same transaction or occurrence between the same parties in the same capacities, Monarch, as defendant in both suits, was entitled to have the second suit dismissed without prejudice. We do not agree with the city court's reasoning that the suit in district court, seeking a declaration of ownership, would not affect the decision of whether to order Monarch to remove the sign. As stated above, the two courts are asked to make determinations on the same issues. Thus, it seems that the exception of lis pendens should be granted in this case to prevent repetitious litigation and possible conflicting rulings on the same issues. Moreover, if the suit in district court were to reach a final judgment, it would not only affect the eviction proceeding, it could preclude such a suit altogether. The district court's ruling as to the breach of the lease and whether the lease agreement required the removal or relocation of the sign, which would be necessary for a determination of ownership under the theory asserted by Mr. Spallino, would be binding on the city court and would inevitably be res judicata in that suit, preventing re-litigation of the issue.[2] Likewise, were the city court judgment to proceed through the appellate process and become final, the issues actually litigated could be raised as res judicata in the suit pending in district court. See Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La.7/2/96); 676 So.2d 1077.[3] Since in this particular matter, the two suits instituted by Mr. Spallino involve the same parties, in the same capacities, and are founded on the same transaction or occurrence, the exception of lis pendens should have been granted.

Object of the Suit
We also address the portion of Mr. Spallino's argument in which he asserts that an exception of lis pendens is inappropriate since a summary proceeding and an ordinary proceeding should be treated differently in the law because the proceedings *788 have two separate objects. Mr. Spallino claims that courts have continuously determined that a petitioner is not barred from instituting a summary proceeding for eviction after he has first filed an ordinary proceeding seeking a declaration of ownership to property against the same defendant.[4] The critical point expressed in Mr. Spallino's argument is that the two types of suits are not subject to a claim of lis pendens because they have different objects, in that one suit seeks to obtain ownership and the other seeks an eviction. Thus, he argues that although the declaratory judgment suit may have some impact on the eviction proceeding, it should not preclude a plaintiff from maintaining such a suit.
While finding the sameness of objects between two suits was necessary in order to grant an exception of lis pendens under prior Article 531, it is no longer required under the amended Article 531 cited above.[5] Thus, since the jurisprudence cited by Mr. Spallino applied the law of former Article 531, we find those cases not determinative of the issues presented in the instant matter. In our opinion, the fact that different types of relief are requested does not always exclude consideration of the exception of lis pendens when those suits involve the same issues. See L & A Contracting Co., Inc. v. Mabry, 27,791 (La.App. 2 Cir. 1/24/96); 666 So.2d 1295.[6]C.f., Avenue Plaza, L.L.C., 96-0173; 676 So.2d 1077 (issue litigated in summary eviction was res judicata in suit for declaratory judgment). Accordingly, we reverse the judgment of the city court finding error in its denial of the exception of lis pendens. Because of our disposition of the procedural questions presented, we do not reach the merits of Monarch's remaining assignments of error.

DECREE
For the foregoing reasons, the judgment of the city court is reversed. Monarch Sign Company's exception of lis pendens is granted and Mr. Spallino's suit for eviction is dismissed without prejudice. All costs of this appeal are assessed to the plaintiff, A. Bryan Spallino.
REVERSED; EXCEPTION OF LIS PENDENS GRANTED; CASE DISMISSED WITHOUT PREJUDICE.
NOTES
[1] In 1990, the law of lis pendens was amended to conform to the changes made regarding the defense of res judicata. See Comments 1990, La.Code Civ.P. art. 531. See also La.R.S. 13:4231.
[2] La.R.S. 13:4231 states in part:

Except as otherwise provided by law, a valid and final judgment is conclusive between the parties, except on appeal or other direct review, to the following extent:
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
[3] Wherein the supreme court found that an issue presented in an eviction suit that had reached final judgment was conclusive between the parties and could not be re-litigated in a subsequent suit for declaratory judgment.
[4] In support of his contention, the plaintiff cited the following cases: Cepro v. Matulich, 152 La. 1072, 95 So. 226 (1922); Dizell v. Durr, 519 So.2d 863 (La.App. 4 Cir.1988); Best Homey Partnership v. Sun, 470 So.2d 886 (La.App. 1 Cir.1985); Decatur-St. Louis Combined Equity Properties, Inc. Venture v. Abercrombine, 421 So.2d 253 (La.App. 4 Cir.1982); A. Wilbert's Sons Lumber & Shingle Co. v. Chaney, 337 So.2d 1229 (La.App. 1 Cir.1976);
[5] Former Article 531 stated in part:

When two or more suits are pending in a Louisiana court or courts on the same cause of action occurrence, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.
[6] The court in Mabry affirmed the district court's judgment granting the defendant's exception of lis pendens, finding that an ordinary proceeding seeking damages for nonperformance of construction contract precluded a later summary action for mandamus seeking to have a materialman's lien cancelled, when both suits involved the same transaction or occurrence and was between the same parties in the same capacities.