STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

AMERICAN NATIONAL GENERAL
INSURANCE COMPANY

VERSUS

LORETTA HOWARD, ETC.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 228,347
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and J. David Painter, Judges.

AFFIRMED.

Eugene A. Ledet, Jr.
Rivers, Beck, Dalrymple & Ledet
Post Office Drawer 12850
Alexandria, LA   71315-2850
(318) 445-6581
COUNSEL FOR DEFENDANT/APPELLEE:
    Loretta Howard

Travis L. Bourgeois
Kimberly E. Tracey
Degan, Blanchard & Nash
400 Poydras Street, Suite 2600
New Orleans, LA   70130
(504) 529-3333
COUNSEL FOR PLAINTIFF/APPELLANT:
    American National General Insurance Company

**Shannon J. Gremillion**
**Bolen, Parker & Brenner, Ltd.**
**Post Office Box 11590**
**Alexandria, LA 71315-1590**
**(318) 445-8236**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Manuel A. Jabbar**

AMY, Judge.

The plaintiff appeals the trial court's granting of the defendants' exception of *lis pendens*. For the following reasons, we affirm.

**Factual and Procedural Background**

The record indicates that on May 9, 2006, the defendants, Loretta Howard and her minor children, Z'Morkeya,[1] Jarvis, and Jamal Howard (the Howards), were injured when a vehicle driven by Manual Jabbar and owned by Najeh Jabbar, collided with their vehicle. The Jabbar vehicle was covered under an automobile insurance policy with American National General Insurance Company (American National).

On February 14, 2007, American National sent a letter to the Howards' attorney, stating:

> On February 7, 2007 I extended the aggregate limit of $20,000 to your clients with $10,000 per person amount to Loretta Howard. The remaining $10,000 was offered to be disbursed with the other claimants (minor children). I requested that you let me know how you wanted the children settlements allocated. I advised you of the liens that I have received from Acadian Ambulance for each claimant and from Emergency Physicians ($432) for Loretta Howard.
>
> I left subsequent messages for you to discuss this matter, but received no response from you. Please contact me upon receipt of this letter.

On the same letter, the Howards' attorney inscribed that the money should be allocated as follows: "$10,000 to Loretta Howard"; "$5,000 to Z'Morkeya Howard"; "$2,500 to Jarvis Howard"; and "$2,500 to Jamal Howard[.]" This letter was sent back to American National. By correspondence dated February 16, 2007, American National informed the Howards' attorney that:

> Attached please find the Releases in regards to your clients' injury claims. This confirms our settlement in the amount of $10,000 for Loretta Howard, $5,000 Zmorkeya Howard, $2,500 Jarvis Howard and $2,500 Jamal Howard. I advised you of the liens I have from Acadian

---

[1] The defendant is referred to as both Z'Morkeya and Z'Morkey A. Howard in the record.

Ambulance: $642.91 for Loretta, $632.91 for Zmorkeya, $595.91 for Jarvis and $600.10 for Jamal. I also have a lien ($432) from Emergency Group of Rapides for Loretta. I will honor the liens directly and the remainder will be sent to you and your clients.

The settlement check will follow under separate cover. We trust that this check will be disbursed contingent upon the execution of the Release. Once you receive the settlement check, please return the properly executed Release to the above address and to my attention.

. . . .

Note: The minor children fathers are listed on the medical records. I will have to include the fathers as payees on the settlement checks.

On March 20, 2007, the Howards filed a petition for damages in Alexandria City Court based upon the May 9, 2006 accident. American National filed a peremptory exception of res judicata and a peremptory exception of no cause and/or no right of action, alleging that a settlement had been reached. On July 19, 2007, American National filed an *ex parte* motion and order to withdraw its exceptions. The order was signed on that date. American National subsequently filed a petition to enforce settlement agreement in the Ninth Judicial District Court. The Howards filed an exception of lis pendens and a motion to impose sanctions. After a hearing, the trial court granted the exception of lis pendens but denied the motion to impose sanctions. It is from this judgment that American National appeals.

**Discussion**

*Lis Pendens*

American National argues that the trial court erred in granting the exception of lis pendens. Citing *St. Charles Parish School Board v. GAF Corp*., 512 So.2d 1165 (La.1987), American National contends that when the compromise was agreed upon, "the Howards' claims were extinguished. At that point in time, the delict in the lawsuit the Howards would later file in the City Court, no longer existed. Instead,

2

what remains is the Howards' and the defendant's rights, *ex contractu*, to enforce the provisions of the settlement." Therefore, American National argues that it was not prohibited from filing a petition to enforce the settlement agreement in the district court and that the district court suit is not subject to the exception of lis pendens.

In written reasons for ruling, the trial court stated:

> The question before this Court is whether the doctrine of lis pendens bars an action to enforce an alleged settlement agreement between Loretta Howard and American National in the District Court. The Court finds that it does.

> Louisiana Code of Civil Procedure article 531 states:

> > When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

> Additionally, Louisiana jurisprudence provides that "a fair test for deciding whether an exception of lis pendens should be granted is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit." *Spallino v. Monarch Sign Company*, 00-0447, [p.] 4, (La.App. 3 Cir. 10/11/00), 771 So.2d 784, 786.

> The Petition for Damages filed in Alexandria City Court and the Motion to Enforce Settlement Agreement filed in this court involve the same parties, i.e. Loretta Howard, individually and on behalf of her three minor children, and American National. In both suits, American National pleads in its capacity as an insurer. Ms. Howard and her minor children retain the role of allegedly injured parties seeking recovery from American National.

> The Petition to Enforce Settlement Agreement arises out of the same transaction or occurrence which is the subject matter of the first suit filed in Alexandria City Court. Both actions are the result of one motor vehicle accident. City Court is presented with a tort claim arising out of the motor vehicle accident. However, the defendants plead a prior settlement agreement makes the tort suit res judicata. Additionally, the defendants seek to enforce this alleged settlement agreement in District Court. Therefore, both the City Court and the District Court are

presented with the same threshold question: Did the parties contract a valid settlement agreement? If both suits were maintained, both courts would be required to assess the same facts and to answer the same question of law.

American National attempts to distinguish the contract suit to enforce an alleged settlement with the Howards from the tort claim filed by Ms. Howard in City Court. However, this interpretation fails to account for the broad doctrine of res judicata evidenced by La. Revised Statute 13:4231 and Code of Civil Procedure article 531 after 1990. Article 531 no longer speaks of distinct causes of action. Instead the Court should assess whether the suits involve the same parties, in the same capacities, addressing the same issues, and with the same object.

Whereas both suits involve the same parties in the same capacities and both suits arise out of the same transaction or occurrence, the Exception of Lis Pendens is granted. Defendants seek sanctions for this action. The request for sanctions is denied.

In *Tyler v. Haynes*, 99-1921 (La.App. 3 Cir. 5/3/00), 760 So.2d 559, this court explained that an exception of lis pendens should be granted when a final judgment in the first suit would be res judicata in the subsequently filed suit. "Because *lis pendens* does not address the merits of the disputes between parties, the reviewing court considers *lis pendens* in the procedural and factual climate that exists at the time of review, rather than at the time of the trial court judgment." *Brooks Well Servicing, Inc. v. Cudd Pressure Control, Inc.*, 36,723, p. 6 (La.App. 2 Cir. 6/27/03), 850 So.2d 1027, 1031, *writ denied*, 03-2606 (La. 12/12/03), 860 So.2d 1157.

As identified by the trial court, the central issue in both suits is whether a valid settlement agreement existed. We note that at the hearing, the Howards' attorney maintained that the parties had not settled their claims:

> [P]rior to filing a lawsuit, we attempted to compromise the claims. At one point we thought the claims were, in fact, compromised, however … prior to issuing actual settlement drafts, the insurance adjuster for … [American National] informed [me] that she would require that the fathers of the minors be included on, as payees on any settlement checks. . . . I do not represent the fathers. . . . I informed [American National] that we did not know [the] whereabouts of the fathers and, uh,

4

if [American National] was insistent that the fathers be named as payees on the settlement drafts for the minors then we have no settlement . . . and compromise. . . . [American National] was, in fact, insistent. I filed a lawsuit on behalf of Ms. Howard, the mother, and the minor children in Alexandria City Court.

Counsel for American National responded:

As for the Lis Pendens Exception, it, . . . American General was forced to file an Exception of Res Judicata and the No Cause of Action. When the settlement was reached between [American National], it was reached before litigation was ever filed in City Court. When the settlement was reached between the defendants and Ms. Howard, it came to the attention of [American General's] adjusters that the fathers of these children were noted on the medical records. Under the Louisiana Code, it's required that if the, if the father is noted, that the father must be on the settlement check unless Ms. Howard had been made the tutrix of these children. She had not. Under the Code, these fathers had to've been put on the settlement check. Based on that, based on the letters[2] in, in between counsel and [American National], there was a binding settlement.

American National asserts in brief that pursuant to the settlement agreement, it sent Ms. Howard a check for $8,925.09, the amount remaining after liens were paid. However, the record does not contain any documentation of any payment being sent to Ms. Howard. Moreover, there is no indication that Ms. Howard cashed the aforementioned check or signed any release. *Cf. Randall v. Martin*, 03-1311 (La.App. 5 Cir. 2/23/04), 868 So.2d 913 (wherein the fifth circuit found that a settlement was reached as evidenced by the signed release document and the cashed checks which contained the notations "Full and Final Settlement of Property Damages" and "Full and Final Settlement of All Claims.")

Based on the record as a whole, we find no error in the trial court's granting of the exception of lis pendens. A suit was pending in the Alexandria City Court at the time American National filed suit in the Ninth Judicial District Court. Both suits

---

[2] American National is referring to the February 14 and 16, 2007 letters that it sent to the Howards' attorney.

involve the same parties in the same capacities and are founded on the same transaction or occurrence, *i.e.*, the May 9, 2006 motor vehicle accident. Each court would have to determine whether a valid settlement agreement existed between the parties. A final judgment in either court would have res judicata implications.[3] *See Spallino v. Monarch Sign Co.*, 00-447 (La.App. 3 Cir. 10/11/00), 771 So.2d 784. Insofar as both courts will be asked to make factual determinations as to the same transaction or occurrence involving the same parties in the same capacities, we find that the exception of lis pendens was properly granted.

Accordingly, this assignment has no merit.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are assessed against the plaintiff, American National General Insurance Company.

**AFFIRMED.**

---

[3] La.R.S. 13:4231 provides in pertinent part:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

. . . .

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

6