STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2019 CA 1160

PATTEN/JENKINS BR POPEYES, L.L.C.

VERSUS

SRG BATON ROUGE II, L.L.C.

*JEW*

*PMc by JEW*

JUDGMENT RENDERED: JUN 1 6 2020

* * * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number 681458 • Section 21 • Division D

The Honorable Janice Clark, Judge Presiding

* * * * * * *

| | |
|---|---|
| Geoffrey D. Westmoreland<br>Shreveport, Louisiana | ATTORNEY FOR APPELLANT<br>PLAINTIFF—Patten/Jenkins BR<br>Popeyes, L.L.C. |
| Jimmy Roy Faircloth, Jr.<br>Charles S. Weems, III<br>B. Gene Taylor, III<br>Alexandria, Louisiana | ATTORNEYS FOR APPELLEE<br>DEFENDANT—SRG Baton Rouge<br>II, L.L.C. |

* * * * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

*Holdridge J., concurs w/ Reasons*

**WELCH, J.**

In this lessor-lessee dispute, Patten/Jenkins BR Popeyes, L.L.C. ("Patten/Jenkins") seeks review of the trial court's judgment sustaining a declinatory exception raising the objection of *lis pendens* filed by SRG Baton Rouge II, L.L.C. ("SRG"), which dismissed Patten/Jenkins's claims against SRG. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Pursuant to an assignment and assumption of a lease agreement, SRG leased the immovable property located at 2137 Staring Lane, Baton Rouge, Louisiana, from Patten/Jenkins on March 8, 1999 in order to operate a Popeye's restaurant on the leased premises. The March 8, 1999 lease was for a twenty-year term—from March 8, 1999, to March 8, 2019.[1] On April 1, 2019, Patten/Jenkins initiated eviction proceedings[2] following the termination of the lease.[3] Patten/Jenkins alleged that although section 28 of the lease contained an option to extend provision, SRG failed to properly exercise the option to extend the lease beyond its termination date. Therefore, Patten/Jenkins sought judgment in its favor ordering SRG to vacate the leased premises immediately and deliver possession thereof to Patten/Jenkins, as well as reasonable attorney's fees as provided for by the lease.

SRG answered the rule for eviction and filed an affirmative defense and a declinatory exception raising the objection of *lis pendens*. In its objection of *lis pendens*, SRG argued that it previously filed a petition for declaratory judgment, specific performance, reformation, and damages against Patten/Jenkins on

---

[1] On September 30, 2013, SRG assumed the March 8, 1999 lease between FFCA Acquisitions Corporation, as original lessor (Patten/Jenkins's predecessor-in-interest), and Sailormen, Inc., as original lessee (SRG's predecessor-in-interest).

[2] See Docket Number 681458, Section 21, Division D, Nineteenth Judicial District Court ("19th JDC"), Parish of East Baton Rouge, State of Louisiana.

[3] Patten/Jenkins alleged the lease terminated on March 8, 2019. In its answer, however, SRG stated that based on an estoppel certificate executed by Patten/Jenkins when the lease was assigned and assumed by SRG, the termination date of the lease became March 31, 2019.

2

February 7, 2019, seeking declaratory relief and specific performance regarding the enforcement of its exercised option to purchase the leased premises and specifically for the continuation of occupancy by SRG during such reasonable time as was required to complete the valuation and acquisition protocol as set forth in the lease.[4] SRG further alleged that in its pending lawsuit, Patten/Jenkins filed an answer and reconventional demand, alleging that SRG continued to occupy the leased premises despite the expiration of the lease and prayed for judgment in its favor against SRG. SRG argued that the two pending suits involved the same parties in the same capacities and arose out of the same transaction and occurrence, namely, SRG's right to continue in occupancy under the lease. SRG averred that a final judgment in its first-filed suit and on Patten/Jenkins's reconventional demand would be *res judicata* in Patten/Jenkins's second-filed suit. SRG contended that Patten/Jenkins's rule for eviction should therefore be dismissed.

In answering the rule for eviction, SRG admitted the existence of the lease with Patten/Jenkins and admitted that it did not exercise the option to extend the lease as provided for in section 28; however, SRG averred that it instead exercised the option to purchase the leased premises as provided for in section 23 of the lease by timely sending the required option to purchase written notice to Patten/Jenkins on December 13, 2018, within the ninety-day period preceding the termination of the lease. SRG further contended that section 23 of the lease allowed the closing of the purchase to extend past the termination date of the lease and allowed the lessee to remain in occupancy during the purchase closure process. Accordingly, SRG pled as an affirmative defense its continued right of occupancy under the lease.

Patten/Jenkins opposed SRG's objection of *lis pendens*. Following a hearing, the trial court sustained SRG's objection of *lis pendens* and dismissed

---

[4] See Docket Number 679391, Section 27, Division J, 19th JDC, Parish of East Baton Rouge, State of Louisiana.

3

Patten/Jenkins's rule for eviction in a judgment signed on June 27, 2019. Patten/Jenkins now appeals.

## LAW

The objection of *lis pendens* is raised by a declinatory exception. La. C.C.P. art. 925. On the trial of the declinatory exception, evidence may be introduced to support or controvert any objection pleaded when the grounds thereof do not appear from the petition, the citation, or return thereon. La. C.C.P. art. 930. The trial court has broad discretion in making evidentiary rulings, and its decision will not be overturned absent an abuse of that discretion. **Emery v. Owens-Corp.**, 2000-2144 (La. App. 1st Cir. 11/9/01), 813 So. 2d 441, 448, writ denied, 2002-0635 (La. 5/10/02), 815 So. 2d 842. Error may not be predicated upon a ruling that excludes evidence unless a substantial right of the party is affected and the substance of the evidence is made known to the court by counsel. La. C.E. art. 103(A)(2).

Louisiana Code of Civil Procedure article 531 codifies the doctrine of *lis pendens*:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

The doctrine of *lis pendens* prevents a plaintiff from litigating a second suit when the suits involve the same transaction or occurrence between the same parties in the same capacities. For *lis pendens* to apply, La. C.C.P. art. 531 requires that: 1) two or more suits are pending in a Louisiana court or courts; 2) on the same transaction or occurrence, which is determined on a case-by-case basis; and 3) between the same parties in the same capacities. The test established to determine

4

if an objection of *lis pendens* should be sustained is the same as that for *res judicata*; thus, an objection of *lis pendens* should be sustained if a final judgment in the first suit would be *res judicata* in the subsequently filed suit. See **Aisola v. Louisiana Citizens Property Ins. Corp.**, 2014-1708 (La. 10/14/15), 180 So. 3d 266, 269. In determining whether this requirement is met, the crucial inquiry is not whether the second suit is based on the same cause of action as the first suit, but whether the second suit asserts a cause of action that arises out of the same transaction or occurrence that is the subject matter of the first suit. **Citizens Sav. Bank v. G & C Development, L.L.C.**, 2012-1034 (La. App. 1st Cir. 2/15/13), 113 So. 3d 1085, 1089.

Furthermore, the fact that different types of relief are requested by the pending suits—ordinary versus summary—does not exclude consideration of the objection of *lis pendens* when those suits involve the transaction or occurrence between the same parties in the same capacities. See **Spallino v. Monarch Sign Co.**, 2000-447 (La. App. 3rd Cir. 10/11/00), 771 So. 2d 784, 788. While finding the sameness of objects between two suits was necessary in order to grant an exception of *lis pendens* under the former version of La. C.C.P. art. 531, it is no longer required under the amended and current version of La. C.C.P. art. 531 cited above.[5] See **Spallino**, 771 So. 2d at 788; see also **TMF Hotel Properties, L.L.C. v. Crescent City Connections 501(C) 7 Gris-Gris Pleasure Aide & Soc. Club**, 2018-0079 (La. App. 4th Cir. 11/28/18), ___So. 3d ___, ___, 2018 WL 6204331, at *5, writ denied, 2019-0110 (La. 3/18/19), 267 So. 3d 87.

---

[5] Prior to its amendment by 1990 La. Acts 521, § 2 (eff. Jan. 1, 1991), the former version of La. C.C.P. art. 531 stated, in part:

> When two or more suits are pending in a Louisiana court or courts on the same cause of action occurrence, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.

The party filing the objection of *lis pendens* has the burden of proving the facts necessary for the exception to be granted. **AmSouth Bank v. Unemployment Compensation Control Systems, LLC**, 2005-0253 (La. App. 1st Cir. 5/8/09), 2009 WL 1270295, at \*3 (unpublished). A trial court's ruling on an objection of *lis pendens*, pursuant to La. C.C.P. art. 531, presents a question of law; thus, it is reviewed *de novo*. **TMF Hotel Properties, L.L.C.**, ___ So. 3d at ___, 2018 WL 6204331, at \*2.

## DISCUSSION

The first requirement for *lis pendens* to apply is that two or more suits must be pending in a Louisiana court or courts. La. C.C.P. art. 531; **Aisola**, 180 So. 3d at 269. SRG filed a petition for declaratory judgment, specific performance, reformation, and damages on February 7, 2019 in the 19th JDC. <u>See</u> Docket Number 679391, Section 27, Division J, 19th JDC, Parish of East Baton Rouge, State of Louisiana. Patten/Jenkins filed a rule for eviction on April 1, 2019 in the 19th JDC. <u>See</u> Docket Number 681458, Section 21, Division D, 19th JDC, Parish of East Baton Rouge, State of Louisiana. Thus, there were two suits pending in the 19th JDC, a Louisiana court. The first requirement is met.

The second requirement for *lis pendens* to apply is that the two pending suits involve the same transaction or occurrence. La. C.C.P. art. 531; **Aisola**, 180 So. 3d at 269. No one test exists to determine what constitutes the same transaction or occurrence; such determination is made on a case-by-case basis. **Matter of Commitment of Cole**, 2018-1760 (La. App. 1st Cir. 4/17/19), 276 So. 3d 601, 609. Nevertheless, the jurisprudence has identified some definitions, including the following: "a group of facts so connected together as to be referred to by a single legal name; as ... a contract"; or "[a]ll logically related events entitling a person to institute legal action against another generally are regarded as comprising a 'transaction or occurrence.'" **Hy-Octane Invs., Ltd. v. G & B Oil Prods., Inc.,**

6

97-28 (La. App. 3rd Cir. 10/29/97), 702 So. 2d 1057, 1060 (internal citations omitted).

The first-filed suit by SRG is an ordinary proceeding wherein SRG sought declaratory judgment and specific performance, including but not limited to: the recognition of SRG's option to purchase the leased premises; enforcement of SRG's option to purchase and the enforcement of Patten/Jenkins's obligation associated with the option to purchase; and the recognition and enforcement of SRG's continued occupancy of the leased premises during the option to purchase process. SRG further sought reformation of the lease should the court be unable to interpret the lease to allow for its continuation of occupancy during the option to purchase process. Additionally, in its reconventional demand in the first-filed suit, Patten/Jenkins alleged that SRG "continue[d] to occupy the property ... despite notice that [Patten/Jenkins] would not allow holding over under the expired lease."

The second-filed eviction suit by Patten/Jenkins is a summary proceeding whereby Patten-Jenkins sought judgment on its rule for eviction ordering SRG to vacate the leased premises immediately and deliver possession thereof to Patten/Jenkins as a result of the termination of the lease and SRG's failure to exercise the option to extend the lease.

Both SRG's declaratory action and Patten/Jenkins's eviction suit involve the question of whether SRG has a right to continue its occupancy of the leased premises. Patten/Jenkins filed a reconventional demand in SRG's declaratory action, specifically alleging that SRG continued to occupy the leased premises despite the expiration of the lease. The transaction or occurrence here is the lease. Both the declaratory action and the eviction suit are based on an interpretation of the lease. See **TMF Hotel Properties, L.L.C.**, ___ So. 3d at ___, 2018 WL 6204331, at *6. Thus, the second *lis pendens* element—the same transaction or occurrence—is satisfied.

7

The third and final requirement for *lis pendens* to apply requires the same parties in the same capacities. La. C.C.P. art. 531; **Aisola**, 180 So. 3d at 269. This requirement has been equated with the "identity of parties" element for *res judicata*. **TMF Hotel Properties, L.L.C.,** ___ So. 3d at ___, 2018 WL 6204331, at *6. This requirement does not mean that the parties must have the same physical identity, but that the parties must appear in the same capacities in both suits. **Wicker v. Louisiana Farm Bureau Cas. Ins. Co.,** 2018-0225 (La. App. 1st Cir. 9/21/18), 257 So. 3d 817, 823. Identity of parties exists whenever the same parties, their successors, or others appear, so long as they share the same "quality" as parties. **Mandalay Oil & Gas, L.L.C. v. Energy Dev. Corp.,** 2001-0993 (La. App. 1st Cir. 8/4/04), 880 So. 2d 129, 140, writ denied, 2004-2426 (La. 1/28/05), 893 So. 2d 72.

The first-filed suit involved a petition for declaratory judgment, specific performance, reformation, and damages regarding the March 8, 1999 lease. In that proceeding, SRG appeared in its capacity as lessee under the lease. Patten/Jenkins was a party to that suit as the lessor. The second-filed suit involved a rule for eviction as a result of the termination of the March 8, 1999 lease. In that proceeding, Patten/Jenkins appeared in its capacity as lessor under the lease, and SRG appeared in its capacity as lessee. The two pending suits clearly involve the same parties in their same capacities as lessor and lessee under the March 8, 1999 lease. Furthermore, given that SRG's declaratory action and Patten/Jenkins's eviction suit are both based on the same March 8, 1999 lease, both cases, by definition, involve the same parties. See **TMF Hotel Properties, L.L.C.,** ___ So. 3d at ___, 2018 WL 6204331, at *8. Thus, the third and final *lis pendens* element—the same parties in the same capacities—is satisfied.

Accordingly, based on our *de novo* review, we find that SRG has met its burden of proving the elements of *lis pendens*—two or more suits are pending in a

Louisiana court or courts; on the same transaction or occurrence; between the same parties in the same capacities. La. C.C.P. art. 531; **Aisola**, 180 So. 3d at 269. It is clear that a final judgment in SRG's first-filed suit regarding its right to continued occupancy under the March 8, 1999 lease would be *res judicata* in Patten/Jenkins's subsequently-filed eviction suit. See **Aisola**, 180 So. 3d at 269. Based on these reasons, we affirm the trial court's judgment sustaining SRG's objection of *lis pendens* and dismissing Patten/Jenkins's eviction suit.

## DECREE

The trial court's June 27, 2019 judgment that sustained the declinatory exception raising the objection of *lis pendens* filed by SRG Baton Rouge II, L.L.C. and dismissed Patten/Jenkins BR Popeyes, L.L.C.'s claims against SRG Baton Rouge II, L.L.C. is hereby affirmed.

**AFFIRMED.**

PATTEN/JENKINS BR POPEYES, L.L.C.

VERSUS

SRG BATON ROUGE II, L.L.C.

NO. 2019 CA 1160

COURT OF APPEAL

FIRST CIRCUIT

STATE OF LOUISIANA



HOLDRIDGE, J., concurring.

I concur in the result only. However, I agree that the court could sustain the exception raising the objection of lis pendens filed by SRG Baton Rouge II, L.L.C. but not for the reasons stated in the majority opinion. The main issue for this court to decide was whether an exception raising the objection of lis pendens should have been granted by the trial court under the facts of this case. SRG filed a petition for declaratory judgment, specific performance, reformation, and damages against Patten/Jenkins on February 7, 2019. On April 1, 2019, Patten/Jenkins filed an eviction proceeding against SRG, the plaintiff in the first-filed suit. SRG filed an answer to the rule for eviction alleging an affirmative defense in accordance with La. C.C.P. art. 4732(A). See also La. C.C.P. art. 4735. In the eviction suit, SRG filed an exception raising the objection of lis pendens since its first-filed suit for declaratory judgment and damages was still pending. The trial court granted the exception and the majority opinion affirms the trial court.

However, the majority does not explain why the exception can be granted in this limited situation. Eviction is a special procedure in the Code of Civil Procedure that is designed to allow a lessor to be restored in possession of his property when the lessee no longer has the right to occupy or possess the property. See La. C.C.P. art. 4701 et seq.; **Terrebonne Parish Port Commission v. Eagle Dry Dock & Marine Repairs, L.L.C.**, 2014-0010 (La. App. 1 Cir. 7/7/15), 2015 WL 4094331 at p.*9 (unpublished); **Matthews v. Horrell**, 2006-1973 (La. App. 1 Cir. 11/7/07), 977 So.2d 62, 72; **Citizens Bank & Trust Co. v. Carr**, 583 So.2d 864, 866 (La. App. 1 Cir.), writ denied, 588 So.2d 109 (La. 1991). Eviction is a summary proceeding

involving the sole issue of whether the lessor is entitled to possession of the property. See La. C.C.P. art. 4731; **Terrebonne Parish**, 2014-0010 at p.*9; **Citizens Bank**, 583 So.2d at 866. To make that determination, the court must decide if the lessor proved that the lease was terminated for any valid reason, as well as any defenses which may be offered by the lessee to prove that it still has the right to possess the leased property. See **Terrebonne Parish**, 2014-0010 at p.*9.

Normally the eviction proceeding is filed first, resulting in one of the following outcomes: the lessee is evicted, the court denies the eviction, or the court converts the eviction proceeding to an ordinary action and hears evidence as to the lessee's claim to possess or own the property. If the lease has terminated and the lessor has the right to occupy the property and the lessee no longer has the right to occupy or a valid defense, the trial court after a hearing "shall render immediately a judgment of eviction ordering the lessee or occupant to deliver possession of the premises to the lessor." La. C.C.P. art. 4732(B). This summary eviction proceeding cannot be cumulated with any ordinary proceedings (such as an action for past due rent or damages) or with an ordinary proceeding for declaratory judgment and damages filed by the lessee. See La. C.C.P. arts. 462 and 463 (which state in order to cumulate "[a]ll of the actions cumulated are mutually consistent and employ the same form of procedure.") An eviction proceeding and a proceeding for declaratory judgment and damages are not mutually consistent and do not employ the same FORM OF PROCEDURE (as one is an ordinary proceeding and one is a summary proceeding). See La. C.C.P. art. 1871. The entire reason for an eviction proceeding is to allow a lessor to quickly obtain possession of his property after the lessee's right to possess is terminated by the terms of the lease. To allow a cumulation of an eviction proceeding with an ordinary proceeding would defeat the entire purpose of the eviction proceeding since the lessor would have to wait until a trial in an ordinary proceeding before obtaining possession of his leased property. Similarly, to grant an

2

exception raising the objection of lis pendens in a valid eviction proceeding whenever a lessee has previously filed a suit contesting a lease would delay the timely eviction of the lessee since the lessor would be forced to wait until the eviction and other matters are decided in an ordinary proceeding.

While the majority cites **Spallino v. Monarch Sign Co.**, 2000-447 (La. App. 3 Cir. 10/11/00), 771 So.2d 784, 788,[1] to support its statement that an objection of lis pendens is not excluded from consideration where different types of relief are requested as long as the suits involve the same transaction or occurrence between the same parties in the same capacities, such is not always the case with an eviction proceeding and a declaratory judgment and damages proceeding. A valid summary eviction proceeding and an ordinary declaratory judgment and damages proceeding cannot be cumulated and therefore are not subject to a lis pendens exception since there is no statutory provision which would mandate that a plaintiff's valid eviction proceeding would be delayed for months or years while the defendant's suit for declaratory judgment and damages is being heard.

With that said, the result in this case is correct. SRG, the defendant/lessee in the eviction proceeding, filed an answer raising the issue that it does have the right to possess and occupy the premises due to the provision of the lease which granted it an option to purchase the property and remain on the premises until the sale was completed. Since SRG raised a valid defense to Patten/Jenkins's, the plaintiff/lessor's, right to occupy or possess the premises, a summary eviction proceeding was not proper and the issue as to SRG's right to occupy must be decided in an ordinary proceeding. See **Matthews**, 977 So.2d at 76. Where the ownership

---

[1] In **Spallino v. Monarch Sign Co.**, 2000-447 (La. App. 10/11/00), 771 So.2d 784, 787, the court stated, "In our opinion, the fact that different types of relief are requested does not always exclude consideration of the exception of lis pendens when the suits involve the same issues." However, the proper interpretation of the statutory provisions would dictate that the fact that different types of relief are requested always excludes the consideration of the objection of lis pendens unless the summary proceeding must be converted to an ordinary proceeding to properly adjudicate the issues in both suits.

or the right to possession of immovable property is an issue, summary eviction procedure is not the proper procedure. See La. C.C.P. art. 4705; see, e.g., also **Robinson Ventures, LLC v. Dowl**, 2004-2149 (La. App. 4 Cir. 4/20/05), 901 So.2d 587, 589, writ denied, 2005-1747 (La. 1/27/06), 922 So.2d 548. Since the trial court in the eviction proceeding found that there was an issue as to whether the lessee had a right to continue to possess the property in question, the plaintiff was not entitled to use the summary eviction proceeding. In this case, a trial in an ordinary proceeding was necessary to determine if SRG had the right to continue to possess the property by virtue of the provisions of the lease agreement. Since the question as to which party had the right to possess the property necessitated a trial in an ordinary proceeding, the objection of lis pendens was properly granted and Patten/Jenkins's eviction proceeding could be cumulated with the defendant's previous suit for the declaratory judgment and damages since both actions will now proceed by ordinary process.